**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § | Case No. 6:20-cv-00952-ADA |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO
EFFECT ALTERNATIVE SERVICE ON DEFENDANT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff or "Brazos"), files this Motion and respectfully seeks leave to serve the summons and complaint on Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("Defendant" or "OnePlus") through its U.S. Counsel and/or on its U.S. subsidiary as follows:

**I.      BACKGROUND**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a Delaware limited liability corporation organized with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701. DE 1 at ¶ 1.

Defendant OnePlus Technology (Shenzhen) Co., Ltd. is a Chinese corporation with a principal place of business located at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China. On information and belief,

Defendant acts in concert to make, use, test, sell, offer for sale, market, and/or import the accused products into the United States, the State of Texas, and this judicial district. *Id*. at ¶¶ 2, 5, 11.

On October 14, 2020, Plaintiff filed a complaint in this Court alleging claims for patent infringement against Defendant. *Id*. Plaintiff respectfully requests leave to effect service upon Defendant through the alternative means of emailing previous U.S. counsel for Defendant: Messrs. Brady Randall Cox, brady.cox@alston.com and Michael J Newton, mike.newton@alston.com. Messrs. Cox and Newton represented Defendant in the United States as recently as October 26, 2020 and are members of the Alston & Bird law firm. *See* Group Exhibit A, OnePlus's Rule 7.1 Disclosure Statement and Unopposed Application for Extension of Time to Answer Complaint. Plaintiff also respectfully requests, as an additional method, or in the alternative, for leave to effect service upon Defendant through Defendant's U.S. address at OnePlus Global, 1295 Martin Luther King Dr, Hayward CA 94541.

## II.    EVIDENCE

Plaintiff attaches as Group Exhibit A OnePlus's Unopposed Application for Extension of Time to Answer Complaint executed on September 4, 2020, by Mr. Brady Cox, and Rule 7.1 Disclosure Statement, executed on October 21, 2020, by Mr. Michael J. Newton in *Altpass v. OnePlus Technology (Shenzhen) Co., Ltd.*, Case No. 2:20-CV-0105-JRG (E.D.T.X.).

Plaintiff attaches as Exhibit B the California Secretary of State search results for the U.S. address of OnePlus - OnePlus Global, 1295 Martin Luther King Dr, Hayward CA 94541. *See* Ex. B (https://businesssearch.sos.ca.gov/CBS/Detail).

## III.   LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations, partnerships, or associations. Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), serving a domestic or foreign corporation, or a partnership or other unincorporated incorporation "at a

place not within any judicial district of the United States" must be done "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service." Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 1, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), DE 13 (citing *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) before requesting authorization of an alternative method of service under Rule 4(f)(3). *Id*. at 2 (citing *Rio Properties, Inc*., 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."). In the end, the Court may authorize any alternative method of service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Additionally, district courts have routinely allowed alternative service upon foreign corporations to be accomplished by serving a United States subsidiary or affiliate of a foreign entity.[1]

---

[1]  *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (collecting cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (service of Chinese corporate executive allowed via corporation's registered agent in US); *In re GLG Life Tech Corp. Sec. Litig*., 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on

## IV.     ARGUMENT AND AUTHORITIES

### A.     Plaintiff's proposed alternative service under Rule 4(f)(3).

Plaintiff seeks to serve Defendant using the following method: via email on Messrs. Brady Randall Cox, brady.cox@alston.com, and Michael J Newton, mike.newton@alston.com. These individuals represented Defendant in the United States as recently as October 26, 2020 and are members of the Alston & Bird law firm.

Plaintiff, either in the alternative or as an additional means of service, seeks to serve Defendant at its U.S. address by a known mail delivery provider with signature and return of receipt, such as Federal Express.

In the present case, either of Plaintiff's requested methods of service, on their own, is sufficient to satisfy due process. Together, the methods will be more than sufficient to (more than) reasonably inform OnePlus of this action and to provide an opportunity to defend against it.

### B.     Alternative service of process is justified for Defendant.

Defendant is an entity organized and existing under foreign laws: OnePlus, DE 1 at ¶ 2. The Hague Convention—nor any other international agreement—does not prohibit service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), DE 13.

Furthermore, serving Defendant through alternative means is justified because the proposed method "will provide reasonable notice and an opportunity to be heard." *Id.* at 3 (citing

CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (service on six Chinese defendants through California subsidiary granted).

*Affinity Labs of Texas, LLC v. Nissan N. Am., Inc.*, No. WA:13-CV- 369, 2014 WL 1132502, at *3 (W.D. Tex. July 2, 2014) ("Due process requires that notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314)). Several courts, including this Court, have permitted effecting service of process upon companies via email. In *Terrestrial Comms LLC v. NEC Corporation*, this Court reasoned that email service upon counsel for NEC Corporation was authorized because "[d]istrict courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *See Terrestrial Comms LLC v. NEC Corporation*, 6:20-cv-00096-ADA (W.D. Tex. June 24, 2020), DE 15 at p. 6. The Court further explained the key analysis to consider was whether the defendant is reasonably certain to be informed of the pending lawsuits so that it can present its objections and found that effecting service of process on defendant's known U.S. counsel would allow defendant to be reasonably certain to be apprised of the pending actions. *Id.* at 7-8; *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of foreign company); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. Counsel of foreign company); *Alu, Inc. v. Kupo Co.,* No. 6:06-cv-327-ORL28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a foreign corporation). Email is not only a permissible means of alternative service but has been considered one of the best forms of alternative service because it is "aimed directly and instantly" at the foreign defendant. *Rio Properties, Inc.*, 284 F.3d at 1018.

In the present case, Messrs. Brady Cox and Michael J Newton, have represented Defendant with respect to cases filed against Defendant in the United States. Emailing Messrs.Cox and

Newton will thus apprise Defendant of this action—satisfying Rule 4(f)(3). Accordingly, alternative service of process on Defendant is justified.

Further, OnePlus operates in the United States through a California-based location. *See* Exhibit B (California Secretary of State search results for the U.S. address of One Plus - OnePlus Global, 1295 Martin Luther King Dr, Hayward CA 94541. See Ex. B (https://businesssearch.sos.ca.gov/CBS/Detail).   Because court-ordered service on the foreign defendant may be, and is regularly, made on Defendant's domestic subsidiaries, Plaintiff should also be allowed to serve OnePlus by effectuating service on OnePlus location in California as it will meet the constitutional threshold of due process and satisfy rule 4(f)(3). *See Affinity Labs*, 2014 WL 11342502, at *4; *see also* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant this motion and enter an order authorizing alternative service of process on Defendant OnePlus through (1) e-mail upon U.S. counsel for Defendant and/or (2) through service on Defendant's U.S. location pursuant to Rule 4(f)(3).

Dated: December 3, 2020       Respectfully submitted,


/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**WSOU Investments, LLC d/b/a Brazos Licensing and Development**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on December 3, 2020, via the Court's CM/ECF system.


/s/ *Isaac Rabicoff*
Isaac Rabicoff