# EXHIBIT 4

**Russian Federation**
Russian Federation

Hague/Inter-American

**Party to Hague Service Convention?**
No

**Party to Hague Evidence Convention?**
No

**Party to Hague Apostille Convention?**
Yes

**Party to Inter-American Convention?**
No

**Service of Process by Mail?**
NA

DISCLAIMER

**DISCLAIMER: THE INFORMATION IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A SPECIFIC CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO THE APPROPRIATE FOREIGN AUTHORITIES OR FOREIGN COUNSEL.**

ALL +/−

Embassies and Consulates

### U.S. Embassy Moscow

Bolshoy Deviatinsky Pereulok No. 8
Moscow 121099, Russian Federation
**Telephone:** +(7) (495) 728-5000 or +(7) (495) 728-5577
**Emergency After-Hours Telephone:** +(7) (495) 728-5000
**Fax:** +(7) (495) 728-5084
**Email:** moscowacs@state.gov

Due to the Russian government's ordered closure of the U.S. Consulate General, U.S. citizen visitors and residents in the St. Petersburg's should contact the U.S. Embassy in Moscow for all emergency assistance and routine services, including notary services, passport renewals, and Consular Reports of Birth Abroad.

Consulates

U.S. Consulate General St. Petersburg

Due to the Russian government's ordered closure of the U.S. Consulate General, effective March 31, 2018 we are no longer able to provide services to U.S. citizens in St. Petersburg.

U.S. Consulate General Vladivostok
32 Ulitsa Pushkinskaya,
Vladivostok 690001
Russian Federation
Telephone: +(7) (4232) 300-070
Emergency After-Hours Telephone: +(7) (914) 791-0067
Fax: +(7) (4232) 300-091
Email: vladcons@state.gov

U.S. Consulate General Yekaterinburg
Ulitsa Gogolya 15a,
4th floor, Yekaterinburg 620151
Russian Federation
Telephone: +(7) (343) 379-3001
Emergency After-Hours Telephone: +(7) 917-569-3549
Fax: +(7) (343) 379-4515
Email: consulyekat@state.gov

List of Attorneys ⊖

U.S. Embassy Moscow

Service of Process ⊖

Russia and the United States are parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.  In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters.

judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention or to execute letters rogatory requesting service of process transmitted via diplomatic channels. The Russian Federation also declines to give consideration to U.S. requests to obtain evidence. While the Department of State is prepared to transmit letters rogatory for service or evidence to Russian authorities via diplomatic channels, in the Department's experience, all such requests are returned unexecuted. Likewise requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted.

Russia's policy in these matters is assertedly based on objections to a fee, imposed by the United States on June 1, 2003, for all requests for service from any foreign country whether submitted under the Hague Service Convention or via diplomatic channels. This fee is designed to cover the costs incurred by a private contractor hired by the U.S. Department of Justice to administer the service functions of the U.S. Central Authority for the Hague Service Convention. Such fees are permitted under the Hague Service Convention and routinely charged by many States party to the Convention.

Between October 28 - November 4, 2003, the Special Commission on the Practical Operation of the Hague Service, Evidence and Legalization Conventions convened at The Hague. The Special Commission's Conclusions and Recommendations of November 4, 2003, page 10, paragraph 53, provide:

"The Special Commission reaffirmed that according to Article 12(1), a State party shall not charge for its services rendered under the Convention. Nevertheless, under Article 12(2), an applicant shall pay or reimburse the costs occasioned by the employment of a judicial officer or other competent person. The Special Commission urged States to ensure that any such costs reflect actual expenses and be kept at a reasonable level."

The Russian Federation did not support this recommendation and reserved its position.

On December 3, 2004, the Russian Federation deposited a declaration with the Government of the Netherlands, the treaty depository, naming a Central Authority and taking a reservation regarding certain aspects of the treaty. The declaration provides:

"The Russian Federation assumes that in accordance with Article 12 of the Convention the service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed. Collection of such costs (with the exception of those provided for by subparagraphs a) and b) of the second paragraph of Article 12) by any Contracting State shall be viewed by the Russian Federation as refusal to uphold the Convention in relation to the Russian Federation, and, consequently, the Russian Federation shall not apply the Convention in relation to this Contracting State."

apply the Convention in relation to this Contracting State.

The Department of State and the Russian Foreign Ministry have exchanged several diplomatic notes setting out our respective positions on the matter, and met twice in Moscow to explore ways to provide normal judicial cooperation. A subsequent Special Commission convened at the Hague in 2009 recalled the conclusions of the 2003 Special Commission concerning costs and Russia again reserved its position. No future bilateral meetings on this subject are currently scheduled.

Because of the Russian suspension of executing U.S. judicial assistance requests in civil and commercial matters, we advise litigants that they may wish to seek guidance from legal counsel in the Russian Federation regarding alternative methods of service. The United States has informed the Russian Federation on numerous occasions that in the absence of a direct channel for U.S. judicial assistance requests, U.S. courts and litigants will explore other methods to effect service of process. Where service is effected by an agent in the Russian Federation, such as a Russian attorney, such a person may execute an affidavit of service at the U.S. embassy or a U.S. consulate in Russia as a routine notarial service.

**Service on a Foreign State:** See also our Service Under the Foreign Sovereign Immunities Act (FSIA) feature and FSIA Checklist for questions about service on a foreign state, agency or instrumentality.

**Service of Documents from the Russian Federation in the United States**: See information about service in the United States on the U.S. Central Authority for the Service Convention page of the Hague Conference on Private International Law Service Convention site.

## Criminal Matters

**Prosecution Requests:**  U.S. federal or state prosecutors should also contact the Office of International Affairs, Criminal Division, Department of Justice for guidance.

**Defense Requests in Criminal Matters:**  Criminal defendants or their defense counsel seeking judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters may do so via the letters rogatory process.

## Obtaining Evidence in Civil and Commercial Matters

The United States has not accepted the Russian Federation's accession to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters because the Russian Federation did not name a

Commercial Matters" because the Russian Federation did not name a central authority at the time of its accession, and did not make any specific declarations or reservations regarding methods of obtaining evidence. Due to the Russian Federation's unilateral suspension of judicial cooperation in civil and commercial matters, requests for evidence submitted via diplomatic channels in the form of letters rogatory generally are not executed by Russian authorities. The U.S. Department of State and the U.S. Embassy in Moscow will transmit such requests on behalf of U.S. litigants.

**Requests from the Russian Federation to Obtain Evidence in the United States**: Such requests are submitted via the diplomatic channel to the U.S. Department of State, Bureau of Consular Affairs, Directorate of Overseas Citizens Services, Office of American Citizen Services for transmittal to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation 1100 L St., N.W., Room 11006, Washington, D.C. 20530.

## Taking Voluntary Depositions of Willing Witnesses

The Russian Federation does not permit the taking of voluntary depositions of willing witnesses in civil and commercial matters.

## Authentication of Documents

Russia is a party to the Hague Convention Abolishing the Requirement for Legalization of Foreign Public Documents. Russia's competent authority for the Hague Apostille Convention will authenticate Russian public documents with Apostilles. For information about authenticating U.S. public documents for use in Russia, see the list of U.S. Competent Authorities. To obtain an Apostille for a U.S. Consular Report of Birth Abroad of a Citizen of the United States of America, contact the U.S. Department of State, Passport Services, Vital Records Office.

The Department of State is aware that a number of Russian jurisdictions have rejected U.S. federal and state issued apostille certificates for reasons inconsistent with the requirements of the Apostille Convention, particularly in the context of intercountry adoption. Between October 28 - November 4, 2003, a Special Commission on the Practical Operation of the Hague Service, Evidence and Legalization Conventions convened at The Hague. The Special Commission's Conclusions and Recommendations  of November 4, 2003, page 5, paragraphs 13, provide:

The SC underlined the importance of the *principle that an Apostille that has*

been established according to the requirements of the Convention in the State of issuance must be accepted and produce its effects in any State of production. With a view to further facilitating free circulation of Apostilles, the SC recalled the importance of the Model certificate annexed to the Convention. The SC recommended that Apostilles issued by competent authorities should conform as closely as possible to this model. However,variations in the form of an Apostille among issuing authorities should not be a basis for rejection as long as the Apostille is clearly identifiable as an Apostille issued under the Convention. *The SC firmly rejects, as contrary to the Convention, isolated practices among States party that require Apostilles to be legalised.*

As regards the rejection of Apostilles for reasons related to how the certificate is attached to the document, the Conclusions and Recommendations of November 4, 2003, paragraph 16 specifically provide:

The SC noted the *variety of means for affixing Apostilles* to the public document. These means may include rubber stamp, glue, (multi-coloured) ribbons, wax seals, impressed seals, self-adhesive stickers, etc.; as to an allonge, these means may include glue, grommets, staples, etc. The SC noted that all these means are acceptable under the Convention, and that, therefore, these variations cannot be a basis for the rejection of Apostilles.

The Department of State has raised this issue with the Foreign Ministry of the Russian Federation on multiple occasions. In order to assist in avoiding future Apostille rejections in the Russian Federation for reasons that are inconsistent with the requirements of the Legalization Convention, the Department of State has also prepared a translation into Russian of the Conclusions and Recommendations of the 2003 Special Commission and provided it to the Russian Federation. Individuals who have had Apostilles rejected in the Russian Federation who feel that a Russian translation of these Conclusions and Recommendations may also find it on the website of the [Hague Conference on Private International Law](#).

Last Updated: November 15, 2013