NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,**
*Petitioner*

2021-165

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in Nos. 6:20-cv-00952-ADA, 6:20-cv-00953-ADA, 6:20-cv-00956-ADA, 6:20-cv-00957-ADA, and 6:20-cv-00958-ADA, Judge Alan D. Albright.

**ON PETITION AND MOTION**

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges*.

PER CURIAM.

### O R D E R

OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to dismiss the five underlying patent infringement actions for insufficient service of process and lack of personal jurisdiction. WSOU Investments LLC d/b/a Brazos Licensing and Development (referred to here as "Brazos") opposes.

OnePlus also moves for oral argument. TP-Link Technologies Co., Ltd. ("TP-Link") moves with opposition for leave to file an out-of-time brief *amicus curiae* in support of OnePlus.

We begin with the familiar proposition that mandamus is an exceptional remedy that is granted only if the right at issue is "clear and indisputable." *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318–19 (Fed. Cir. 2008). After studying the complex interaction of rules of state and federal civil procedure implicated by this case, we are not persuaded that the petitioner's right is clear and indisputable. We therefore deny the petition.

1. In September 2020, Brazos filed five related patent infringement actions in the United States District Court for the Western District of Texas against OnePlus, a Chinese company. Brazos alleged that OnePlus has no place of business or employees in the United States.

Although the People's Republic of China is a signatory to the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U.S.T. 361 (Nov. 15, 1965) ("the Hague Convention"), Brazos elected not to attempt service on OnePlus by invoking the Hague Convention. Instead, citing the burdens involved in effecting service through Hague Convention procedures, Brazos requested that the district court grant it leave under Fed. R. Civ. P. 4(f)(3) to use alternative methods to effect service. The court granted the motion, and Brazos served the complaint and summons on attorneys who had represented OnePlus in the past and on OnePlus's authorized agent for service in Hayward, California.

OnePlus made a special appearance in the case to challenge the sufficiency of the service and the court's jurisdiction over it. The district court rejected the challenge, holding that Rule 4(f)(3) gave it discretion to order service

of a foreign defendant by means other than those prescribed by the Hague Convention, and that the service was effective to grant the court *in personam* jurisdiction over OnePlus. OnePlus now seeks a writ of mandamus compelling the district court to vacate its order authorizing alternative service and requiring that Brazos effect service pursuant to Hague Convention procedures.

2. Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure provides that serving a summons establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Rule 4(h)(1) in turn provides for service of a corporation in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual" or by delivering a copy of the summons and complaint to an officer or agent of the corporation. Rule 4(h)(2) provides for serving a corporation "at a place not within any judicial district of the United States, in any manner provided by Rule 4(f) for serving an individual except personal delivery." Rule 4(e)(1), which is directed to "serving an individual within a judicial district of the United States," provides that an individual may be served, among other ways, by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located. Rule 4(f), which is directed to "serving an individual in a foreign country," provides that an individual "may be served at a place not within any judicial district of the United States" in one of three ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does

>   > not specify other means, by a method that is reasonably calculated to give notice:
>   >
>   >> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>   >>
>   >> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>   >>
>   >> (C) unless prohibited by the foreign country's law; or
>   >>
>   >>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>   >>>
>   >>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>   >
>   > (3) by other means not prohibited by international agreement, as the court orders.

The Hague Convention applies in civil or commercial cases in which judicial or extrajudicial documents are transmitted for service abroad. Under the Convention, to which both China and the United States are signatories, each member state provides a "central authority" that is responsible for receiving and effecting service from abroad consistent with the member state's domestic policies.

3. The petition seeks mandamus on three related grounds: first, that the service in this case was ineffective; second, that as a result of the ineffective service, the district court lacked *in personam* jurisdiction over OnePlus; and third, that it was an abuse of discretion for the district court to authorize alternative service in this case in the absence of a showing of a need to do so.

a. The jurisdictional argument is as follows: Article 1 of the Hague Convention provides that the Convention "shall apply" to all cases in which "there is occasion to transmit a judicial or extrajudicial document for service abroad." To determine whether a case creates an occasion to transfer a judicial document abroad, courts are required "to look to the method of service prescribed by the internal law of the forum state." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 536–37 (5th Cir. 1990). Because under Rule 4(k)(1)(A), service of a summons establishes jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located, OnePlus argues that the district court has jurisdiction only if OnePlus is subject to jurisdiction in Texas under the Texas long-arm statute. OnePlus further argues that the Texas long-arm statute requires the transmittal of documents abroad to a foreign defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045. Because valid service under Texas law requires the transmittal of documents abroad and triggers the Hague Convention, OnePlus contends that there was no valid service in this case and that the district court therefore lacked jurisdiction over OnePlus.

The problem with OnePlus's jurisdictional argument is that it runs up against this court's decision in *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010). In that case, we rejected the defendants' argument that service authorized by a court under Rule 4(f)(3) did not establish personal jurisdiction over the defendants because it did not satisfy the service provisions of the forum state's long-arm statute. We wrote that the defendants' argument "confuses service of process under Rule 4(f)(3), which provides for court-directed service 'by any means not prohibited by international agreement,' with service under Rule 4(e)(1), which does not require a court-order and provides for service by 'following state law.'" *Id.* at 1240. The restrictions on service under California law,

we held, did not "foreclose substituted service on others under Rule 4(f)(3)." *Id.* OnePlus's reliance on the service requirements of the Texas long-arm statute appears contrary to this court's analysis in *Nuance Communications*.[1]

b.  OnePlus's second argument is that Rule 4(f) by its terms applies only to service of process effected abroad, and that the district court's order authorizing service in this country was therefore invalid. Once again, the *Nuance Communications* case presents an obstacle for OnePlus. The court in that case rejected the argument that Rule 4(f)(3) cannot be used to authorize alternative service that is effected within the United States. *See* 626 F.3d at 1239. OnePlus again argues that the court in *Nuance Communications* was merely following Ninth Circuit law in that regard. However, OnePlus points to no contrary Fifth Circuit precedent on that issue, and the fact that the Ninth Circuit and a number of district courts have construed Rule 4(f)(3) in that manner is sufficient to show that the construction for which OnePlus advocates is not "clear and indisputable." We therefore decline to issue mandamus based on that argument.

c.  OnePlus's final argument is that the district court committed a clear abuse of discretion by authorizing alternative service under Rule 4(f)(3) even though Brazos made no showing that service under the Hague Convention had been tried and failed, would have been unlikely to succeed, or was otherwise impracticable. The district court

---

[1] OnePlus dismisses *Nuance Communications* on the ground that it was applying Ninth Circuit law, and that Fifth Circuit law applies to this case. But OnePlus does not point to any Fifth Circuit authority that is contrary to *Nuance Communications* on this issue. The *Sheets* case, on which OnePlus relies, did not involve court-authorized service under Rule 4(f)(3) and is therefore inapposite.

authorized alternative service because it regarded the Hague Convention procedure as slow and expensive.

We have concerns about the district court's invocation of alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity. Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient. By the same token, however, Rule 4(f)(3) is not a "last resort" or a type of "extraordinary relief" for a plaintiff seeking to serve process on a foreign defendant. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). To the contrary, "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Nuance Communications*, 626 F.3d at 1239 (quoting *Rio Props.*, 284 F.3d at 1015)); *see* 4B Charles Alan Wright et al., *Federal Practice & Procedure* § 1134, at 274 (2015) ("The use of a court-directed means for service of process under Rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief.").

Moreover, courts have recognized that delay and expense are factors that legitimately bear on whether to issue an order for alternative service. *See SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-3, 2020 WL 6578411 (E.D. Tex. June 15, 2020); *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018); *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-1827, 2018 WL 3330022, at *15 (N.D. Tex. Mar. 16, 2018); *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014); *Baker Hughes, Inc. v. Homa*, Civ. A. H-11-3757, 2012 WL 1551727, at *16–17 (S.D. Tex. Apr. 30, 2012).

To be sure, courts have typically invoked Rule 4(f)(3) only when special circumstances have justified departure from the more conventional means of service. Nonetheless, while some courts, in the exercise of their discretion, have looked to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means and have required a showing that the circumstances render the court's intervention necessary, "those considerations guide the exercise of discretion, and are not akin to an exhaustion requirement." *In re BRF S.A. Sec. Litig.*, No. 18-cv-2213, 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019) (citing cases).

Given the broad discretion accorded to district courts in determining whether to grant relief under Rule 4(f)(3), we conclude that issuing the extraordinary writ of mandamus is not called for in this case. The district court has not announced that it intends to order alternative service in every case in which more conventional means of service would be merely inconvenient, and in fact the record reflects that the district court has not granted relief under Rule 4(f)(3) in all such cases. On the present record, we decline to find a clear abuse of discretion that would justify the issuance of a writ of mandamus.[2]

Accordingly,

IT IS ORDERED THAT:

(1) TP-Link's motion is granted. ECF No. 7-2 is accepted for filing.

(2) The petition is denied.

(3) The motion for oral argument is denied.

---

[2] Our order denying mandamus does not foreclose OnePlus from raising its arguments on appeal from a final judgment against it.

IN RE: ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.     9

                          FOR THE COURT

September 10, 2021     /s/ Peter R. Marksteiner
      Date                 Peter R. Marksteiner
                           Clerk of Court

s29