**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | Civil Action No. 6:20-00952-ADA |
| **BRAZOS LICENSING AND** | § | Civil Action No. 6:20-00953-ADA |
| **DEVELOPMENT,** | § | Civil Action No. 6:20-00956-ADA |
| | § | Civil Action No. 6:20-00957-ADA |
| *Plaintiff* | § | Civil Action No. 6:20-00958-ADA |
| | § | |
| **v.** | § | |
| | § | |
| **ONEPLUS TECHNOLOGY** | § | |
| **(SHENZHEN) CO., LTD.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S
MOTION TO STRIKE PLAINTIFFS' AMENDED
INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL HISTORY.................................................................................. 4

III.    LEGAL STANDARD............................................................................................ 6

IV.     ARGUMENT ......................................................................................................... 7

     A.     WSOU Must Fairly Disclose its Infringement Theories, or be Precluded
           From Accusing Any Products That Have Not Been Charted .............................. 7

          1.     The -952, -953, -956, and -958 Cases ...................................................... 7

          2.     The -957 Case ........................................................................................ 11

     B.     WSOU's Indirect Infringement Contentions Should be Struck with
           Prejudice ........................................................................................................... 12

     C.     WSOU's Infringement Contentions Under the Doctrine of Equivalents
           Should be Struck with Prejudice....................................................................... 14

     D.     WSOU Should Not be Granted Leave to Amend its Infringement
           Contentions ....................................................................................................... 16

V.      CONCLUSION.................................................................................................... 17

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
  No. C 16-06180, 2017 WL 2630088 (N.D. Cal. June 19, 2017) ............................................13

*Computer Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D. Tex. Aug. 24, 2007) .........................................................................6

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
  2009 WL 81874 (E.D. Tex. Jan. 12, 2009) ...................................................................6, 7, 17

*Finjan, Inc. v. Proofpoint, Inc.*,
  No. 13-CV-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) .................................15

*Intellectual Tech LLC v. Zebra Techs. Corp.*,
  Case. No. 6:19-cv-00628-ADA, Dkt. No. 31 (W.D. Tex. Apr. 29, 2020) ..............................12

*Mobile Telecomms. Techs., LLC v. Blackberry Corp.*,
  No. 3:12-CV-1652, 2016 WL 2907735 (N.D. Tex. May 17, 2016). Judge
  Albright's Standing Order Governing Proceedings ...................................................................6

*Silicon Labs. Inc. v. Cresta Tech. Corp.*,
  Case No. 5:14-cv-03227, 2015 WL 846679 (N.D. Cal. Feb. 25, 2015) ...........................7, 10

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017)...............................15

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed. Cir. 1996)................................................................................................16

I.      **INTRODUCTION**

Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") respectfully moves to strike Plaintiff WSOU Investments, LLC D/B/A Brazos Licensing and Development's ("WSOU") Amended Infringement Contentions (served October 26, 2021) because they do not cure the serious deficiencies that OnePlus raised with respect to WSOU's initial set of infringement contentions (served May 18, 2021) and that were the subject of the discovery hearing with this Court (conducted on September 23, 2019).

WSOU's Amended Infringement Contentions remain deficient because they do not provide fair notice as to how and why WSOU contends all of the accused products infringe the asserted patents.  WSOU steadfastly refuses to provide infringement contentions for all of the accused products.  This is a blatant violation of this Court's requirements and warrants the striking of all WSOU infringement contentions that are not supported by the required infringement contention chart.

To sidestep its obligations, WSOU contends that the single infringement chart for a single accused product it provided is sufficient.  Although unclear from the Amended Infringement Contentions themselves, during meet and confer, WSOU has insisted that the single chart that was provided is somehow representative all of the accused products.  But WSOU refuses to explain the basis for its claim that its Amended Infringement Contention Charts are representative of the uncharted products.  The only commonality identified between the charted accused products and the uncharted accused products is that they allegedly comply with similar cellular standards.  Yet to avoid contending that the asserted patent are standard essential and thus subject to FRAND licensing obligations, WSOU obscured its position in its Amended Infringement Contentions and flatly refused to take any position on this question during meet and confer.

Specifically, in four of the five cases (all cases but the -957 Case), WSOU's Amended Infringement Contentions purport to demonstrate infringement based on the Accused Products' asserted compliance with various cellular standards, suggesting that practicing the asserted patents is essential to, or necessary to implement, these cellular standards. WSOU compounds its reliance on these standards by suggesting that the single charted product for each patent is somehow representative of the uncharted products based on nothing more than the fact that the uncharted accused products practice a similar or related standard.

Despite the prominence of these standards in its Amended Infringement Contentions, counsel for WSOU refuses to confirm whether WSOU contends its patents are essential to the cited standards. And WSOU's contentions are carefully crafted to obscure its position. If WSOU's infringement contentions are based on a claim that the asserted patents are standard essential, WSOU must candidly disclose that this is the basis of their infringement theory. If this is not their infringement theory, then WSOU's charted accused product lacks any plausible basis to be representative of the uncharted products, leaving OnePlus left to guess at how WSOU believes these uncharted products infringe.

In the -957 Case, it does not appear that WSOU contends the asserted patent is a standard essential patent, but WSOU's Amended Infringement Contentions remain deficient because they improperly treat a single charted accused product as representative of others without providing any explanation or analysis as to why.

WSOU's Amended Infringement Contentions are also deficient because they contain only empty boilerplate language accusing OnePlus of indirect infringement and infringement under the doctrine of equivalents. WSOU fails to identify or describe the acts of OnePlus that purportedly contribute to or induce direct infringement by others. WSOU alleges that OnePlus provided

instructions for, advertised, and promoted the accused products, but does not explain how OnePlus has participated in any of these activities or why any of these generic activities constitute indirect infringement of each of its asserted patents. WSOU does not even contend that OnePlus had the pre-suit knowledge of the asserted patents that is a pre-requisite to alleging pre-suit indirect infringement. WSOU also fails to explain whether and on what basis it alleges infringement under the doctrine of equivalents.

There is no excuse for WSOU's failure to provide OnePlus with fair and sufficient notice of all of its infringement theories. WSOU filed this case over a year ago, on October 14, 2020. OnePlus's products are widely available for WSOU to acquire, test, and inspect. Moreover, OnePlus completed its technical document production, which included source code, on July 13, 2021. Despite having access to the accused products before filing the complaint and technical information and source code for over four months now, WSOU nonetheless opted to serve deficient contentions that failed to fairly disclose its infringement theory for many accused products and that failed to describe any basis for accusing OnePlus of indirect infringement or infringement under the doctrine of equivalents.

Because WSOU's failure to provide infringement contentions for each accused product is prejudicial to OnePlus, the Court should:

- For the -952, -953, -956, and -958 Cases: order WSOU to confirm whether it alleges that the asserted patents are standard essential patents, and, if not, to strike WSOU's contentions with respect to Uncharted Accused Products and limit the scope of this case to only those products charted by WSOU; and

- For the -957 Case: strike WSOU's contentions with respect to Uncharted Accused Products and limit the scope of this case to only those products charted by WSOU.

In addition, because WSOU has not disclosed a basis to seek relief for indirect infringement or under the doctrine of equivalents, the Court should strike these boilerplate contentions for all five cases and preclude WSOU from pursuing these undisclosed theories.

## II.   PROCEDURAL HISTORY

WSOU served its initial infringement contentions for each of the five pending cases on May 18, 2021.  *See* Declaration of Michael J. Lyons ("Lyons Decl.") Exs. 1-5 (WSOU's Inf. Cont.).  In each case, WSOU provided an infringement chart for a single accused product but listed numerous additional, uncharted products as also allegedly infringing the patents:

| Case | Asserted Patent | Charted Product | Uncharted Accused Products |
|---|---|---|---|
| 6:20-00952-ADA | 8,149,776 | OnePlus 8 Pro | OnePlus 8<br>OnePlus 9<br>OnePlus 9 Pro<br>OnePlus "Nord" |
| 6:20-00953-ADA | 8,767,614 | OnePlus 7 Pro | OnePlus 7T<br>OnePlus 8<br>OnePlus 8 Pro<br>OnePlus 8T<br>OnePlus 9 5G<br>OnePlus Nord N10 5G<br>OnePlus Nord N100 |
| 6:20-00956-ADA | 7,477,876 | OnePlus 8 | OnePlus 8 Pro |
| 6:20-00957-ADA | 8,712,708 | OnePlus 8 | OnePlus 7 Pro<br>OnePlus 8 Pro<br>OnePlus 8T<br>OnePlus 9<br>OnePlus 9 Pro |
| 6:20-00958-ADA | 9,231,746 | OnePlus 8 Pro | OnePlus 8 |

*Id*. The infringement contentions also included generic allegations of indirect infringement and infringement under the doctrine of equivalents, but neither alleged any specific acts of indirect infringement nor provided an equivalents analysis for any claim.  *Id.*

OnePlus wrote to WSOU on May 28, 2021 and June 2, 2021, asking that WSOU supplement its contentions.  OnePlus explained that WSOU's initial contentions were deficient for

multiple reasons, including that they failed to provide notice of their infringement contentions for the Uncharted Accused Products and they failed to identify or explain the basis for  WSOU's contentions of indirect infringement and infringement under the doctrine of equivalents.  Lyons Decl., Exs. 6, 7.[1]  WSOU did not respond to either of these letters, or to a follow-up email a week later.  *Id.*, Ex. 8.

Having thrice written to WSOU to no effect, OnePlus sought assistance from this Court. On June 10, 2021, OnePlus wrote to the Court's Law Clerk, requesting a discovery hearing to address WSOU's deficient contentions and an order that WSOU amend its contentions.   On September 23, 2021, the parties appeared before Judge Albright to discuss the deficient infringement contentions along with other discovery issues.  The Court ordered the parties to meet and confer regarding the infringement contentions and report back to the Court if any disputes remained unresolved.  During a conference on October 5, WSOU agreed to supplement, but would not describe its contemplated supplementation or commit to substantially addressing OnePlus's concerns.  On October 12, OnePlus notified this Court that the parties remained at an impasse and provided a summary of each party's position.  The Court responded on October 13, 2021, noting that if WSOU's Amended Infringement Contentions did not address its concerns, OnePlus's could proceed by filing a motion to strike.  Lyons Decl., Ex. 9.

Two weeks later, WSOU served its Amended Infringement Contentions.  Lyons Decl., Exs. 10-14.  These Amended Contentions failed to provide separate charts for all accused products, provided only a conclusory, generic sentence related to indirect infringement, and did not identify or analyze any instances where it was relying on the doctrine of equivalents to establish

---

[1] The letters raised several other deficiencies that are omitted here to streamline the current argument before the Court.  OnePlus reserves all rights to address the other remaining deficiencies in WSOU's infringement contentions at the appropriate time, including by summary judgment.

infringement.  Lyons Decl., Exs. 15-19 (redlines of infringement contentions).  Claim construction before special master Dr. Joshua Yi was held on October 28, 2021.  Dkt. No. 57.  On November 9, 2021, OnePlus informed WSOU that its Amended Infringement Contentions were still wholly deficient.  WSOU disagreed and refused to provide any further supplementation.  Lyons Decl., Ex. 20.

## III.   LEGAL STANDARD

Proper infringement contentions provide a defendant with notice of plaintiff's particular infringement theories beyond that which is provided by the language of the patent claims themselves.  *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016).   Judge Albright's Standing Order Governing Proceedings regarding Patent Cases requires the "[p]laintiff [to] serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found."  OGP Version 3.5 (October 8, 2021); Dkt No. 48.

"Deciding whether infringement contentions should be struck is similar to deciding whether evidence should be excluded for discovery violations" and is "akin to deciding whether the pleading deadlines of a scheduling order should be extended."  *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. Aug. 24, 2007).  "The tests for determining whether to allow a party to supplement infringement contentions and for determining whether to strike infringement contentions are essentially the same."  *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009).  In particular, Courts consider "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings."  *Id.*

## IV.    ARGUMENT

### A.    WSOU Must Fairly Disclose its Infringement Theories, or be Precluded From Accusing Any Products That Have Not Been Charted

The infringement contentions are deficient because the conclusory analysis linking the Uncharted Accused Products to "exemplary" products does not place OnePlus on fair notice of WSOU's particular infringement theories or comply with the Court's Local Patent Rules.

WSOU's initial contentions from May included only a single conclusory sentence to support its contentions against the Uncharted Accused Products:

> Exhibit 1, which is attached hereto and incorporated by reference, is an exemplary infringement claim chart identifying specifically where each limitation of each Asserted Claim is found within each Accused Instrumentality or practiced by each Accused Instrumentality.

Lyons Decl., Ex. 1.  Such conclusory allegations are improper.  *See, e.g.*, *Silicon Labs. Inc. v. Cresta Tech. Corp.*, Case No. 5:14-cv-03227, 2015 WL 846679, at *2 (N.D. Cal. Feb. 25, 2015) ("[I]n order to rely on a claim that one accused product represents another for purposes of Rule 3-1(c)"—a Rule which is identical to paragraph 3(c) of the Court's Scheduling Order—"a patentee must do more than state as much.  A patentee must state **how**.") (emphasis in original).

WSOU's Amended Infringement Contentions still fail to provide infringement charts for many of the accused products.  WSOU makes only a half-hearted attempt to justify this failure by providing vague and conclusory assertions that the charted products are in some undisclosed way representative of those for which WSOU has failed to provide charts.

### 1.    The -952, -953, -956, and -958 Cases

In four of the five cases, WSOU's Amended Infringement Contentions rely on cellular standards promulgated by the Third Generation Partnership Project ("3GPP") standards setting organization related to 5G and/or 4G technology.  *See* Lyons Decl., Exs. 10-12, 13 (Am. Inf. Cont. for -952, -953, -956, and -958 Cases).  WSOU appears to contend that any product complying with

3GPP standards cited in WSOU's amended infringement contentions would infringe the asserted patents. *See id.*, Ex. 10 (-952 chart broadly accusing "OnePlus mobiles that support 4G …" and citing the 3GPP standard Nos. 36.211, 36.321, and 36.331 in support of its infringement contentions), Ex. 11 (-953 chart broadly accusing "OnePlus handsets … that support LTE/LTE-A" and citing the 3GPP standard Nos. 36.321 and 36.300 in support of its infringement contentions), Ex. 12 (-956 chart broadly accusing "OnePlus 8 Series Phones … implementing 5G capabilities" and citing the 3GPP standard Nos. 38.214 and 38.321 in support of its infringement contentions), Ex. 14 (-958 chart broadly accusing "OnePlus 8 Series Phones … implementing 5G capabilities" and citing the 3GPP standard Nos. 38.214 and 38.212 in support of its infringement contentions).  In light of WSOU's dependence on standards to provide its infringement contentions, WSOU appears to contend that the asserted patents are essential to, or necessary to implement, the cited portions of the 3GPP standards.

But during meet and confer, WSOU refused to take a position on whether its infringement contentions are predicated on the asserted patents being standard essential.  WSOU's infringement contentions are carefully crafted to obscure WSOU's allegations in this regard.  If WSOU's contentions are not based on the standards that are cited in their infringement contentions, then OnePlus is not given any hint as to what WSOU contends is the basis for OnePlus's alleged infringement.

Further, to the extent that WSOU does not contend that the asserted patents are essential to the cited standard(s), WSOU's has failed to satisfy its burden—or even allege—that its single claim chart is representative for all the accused products.  In the ***-952 and -953 cases***, WSOU purports to show that its single infringement chart for a single product is representative of all the

other products based on merely a table listing rudimentary characteristics of the accused products, such as the following:

| Accused product | Evidence |
|---|---|
| OnePlus 8 | Operating System: OxygenOS based on Android™ 10<br>CPU: Qualcomm® Snapdragon™ 865<br>5G Chipset: X55<br>GPU: Adreno 650<br>RAM: 8GB/12GB LPDDR4X<br>Storage: 128GB/256GB UFS 3.0 2-LANE<br>Battery: 4300 mAh (non-removable)<br>Warp Charge 30T Fast Charging (5V/6A)<br><br>LTE/LTE-A<br>4×4 MIMO, Supports up to DL Cat 18/UL Cat 13(1.2Gbps /150Mbps), depending on carrier support<br><br>Source: https://www.oneplus.com/8/specs?from=8<br><br>**Cellular Technology:** Dynamic Spectrum Sharing (DSS), mmWave, sub-6 GHz, HSPA, WCDMA, LTE including CBRS support, TD-SCDMA, CDMA 1x, EV-DO, GSM/EDGE<br><br>Source: https://www.qualcomm.com/products/snapdragon-865-5g-mobile-platform |

Lyons Decl., Ex. 10 (-952 Am. Inf. Cont. Cover) at 3 (highlighting in original).  These lists of high-level product specifications and various standardized cellular technology (*e.g.*, "LTE") do nothing to explain why any one product is representative of any other for purpose of practicing any of the asserted claims of the respective asserted patents.[2]

To begin with, for uncharted products, WSOU includes ***no*** analysis of these specifications, and the only annotation is WSOU's highlighting of the word "LTE," without further explanation. To the extent WSOU contends that the asserted patents are essential to the LTE standard, WSOU

---

[2] WSOU's infringement contentions for the -952 and -953 rely on mobile communications standards that were published by the 3GPP before the accused products were released and that were subsequently revised before the release of the accused products.  For example, in the -952 case, WSOU cites a version of the 3GPP's (Spec. No. 36.211 v. 8.6.0) that  was released in March 2009 even though the relevant accused products were released in the U.S. in 2020 and 2021. WSOU also cites several versions of the 3GPP standards—Nos. 36.321 (-952 and -953 Cases), 36.331 (-952 Case), and 36.300 (-953 Case)—that were published in 2018 and updated multiple times before the introduction of the accused to the U.S. in 2019 and 2021.

Similarly, WSOU's contentions for the -956 and -958 Cases accused products released in 2020 based on 3GPP standards that were published in 2018 and then subsequently revised before 2020. *See, e.g.*, Lyons Decl., Ex. 12 (-956 Am. Inf. Cont.) at 2 (claim chart citing Release 15.2.0 of 3GPP Specs. 38.214 and 38.321), Ex. 14 (-958 Am. Inf. Cont.) at 2 (chart citing Release 15.2.0 of 3GPP Specs. 38.214 and 38.212).

must clearly disclose that theory to OnePlus.  And if WSOU does not contend that the asserted patents are standard essential, WSOU must do more than merely highlight "LTE" to show "how" the charted product is representative of the Uncharted Accused Products as to each asserted claim and claim element.  *See Silicon Labs. Inc.*, 2015 WL 846679, at *2.

In fact, WSOU's amendments to its contentions confirm that the accused products differ substantially.  For example, the amended contentions acknowledge that the various accused products use at least seven different chipsets for operation and wireless communications,[3] and at least three different communications protocols.[4]  WSOU's amended contentions also cite "evidence" that concedes the accused functionality is only activated "depending on carrier support."  *See, e.g.*, Lyons Decl., Ex. 10 (-952 Am. Inf. Cont. Cover) at 3-5; *id.*, Ex. 11 (-953 Am. Infr. Cont. Cover) at 3-4.  A smattering of screenshots of high-level product specifications showing that the Uncharted Accused Products use different chipsets—supporting different LTE standards—with carrier-dependent functionality is not enough to show that the charted products are exemplary of all the accused products.

WSOU's amended infringement contentions in the ***-956 and -958 cases*** are similarly deficient.  In the -956 and -958 cases, WSOU charts the OnePlus 8 while also listing the OnePlus 8 Pro as an accused product.  To justify accusing the OnePlus 8 Pro, the amended contentions include a table with screenshots from OnePlus's website showing that both phones support 5G.  Lyons Decl., Ex. 12 (-956 Am. Inf. Cont. Cover) at 3-4, Ex. 14 at 3.  But WSOU's infringement

---

[3] The various chipsets include the Snapdragon 865, X55 5G Chipset, Snapdragon 690, Snapdragon 460, Snapdragon 480, Snapdragon 888, and X60 5G Chipset.  Lyons Decl., Ex. 10 (-952 Am. Inf. Cont.) at 3-5.

[4] The different communication protocols include at least "LTE including CBRS ['Citizens Broadband Radio Service'] support," "LTE TDD ['Time Division Duplexing']," and "LTE FDD ['Frequency-Division Duplexing']."  *Id.*

contentions rely on the OnePlus 8's "X55 Dual Mode 5G technology." *Id.*, Ex. 12 at 4 (claim chart Fig. 2), Ex. 14 at 6 (claim chart Fig. 3). This "Dual Mode" (*e.g.*, faster "mmWave" 5G) is a feature only found on certain Verizon models of the OnePlus 8, and not in the OnePlus 8 Pro.[5] If WSOU contends that its patents are essential to the relevant 5G standards, then it should confirm this in its contentions. If WSOU does not contend the asserted patents are essential, WSOU's tables in the amended contentions do not provide any analysis to explain or establish how the charted infringement of the OnePlus 8 using X55 Dual Mode 5G technology is exemplary of the OnePlus 8 Pro without this "Dual Mode" 5G technology.

### 2. The -957 Case

In the ***-957 case***, WSOU accuses six different products (*i.e.*, OnePlus 8, OnePlus 7 Pro, OnePlus 8 Pro, OnePlus 8T, OnePlus 9, OnePlus 9 Pro) of infringement, but provides only a single infringement chart for a single product (*i.e.*, OnePlus 8).[6] As with WSOU's contentions for the other asserted patents, these contentions are devoid of analysis explaining why the single charted product is exemplary of the five Uncharted Accused Products.[7] For this reason alone, the Court should strike WSOU's allegations for the Uncharted Accused Products.

Moreover, in the ***-957 case,*** the six accused products are substantially different from one another with different release dates and running different operating systems. *See, e.g.,* Lyons Ex.

---

[5] *Id.  See also* https://www.talkandroid.com/351723-verizon-mmwave-oneplus-8/ (noting "a Verizon-exclusive mmWave variant of the One Plus 8").

[6] The Amended Infringement Contentions include three tables showing the purportedly relevant source code for the (1) OnePlus 7 Pro, (2) OnePlus 8, OnePlus 8 Pro, and OnePlus 8T, and (3) OnePlus 9 and 9 Pro. Each table references different source code for each of these three groups of OnePlus accused products. WSOU's contentions provide no analysis or reasoning as to why the source code cited for the OnePlus 8, 8 Pro, and 8T table applies to all three products or why the code cited in the OnePlus 9 and 9 Pro table applies to both of those products.

[7] Or why the code cited in its single chart for the OnePlus 8 is representative of the code that is purportedly applicable to the OnePlus 7 Pro and/or the OnePlus 9 and 9 Pro.

13 at 17 (-957 claim chart Fig. 15, depicting OnePlus 8 specification page, noting "OxygenOS based on Android™ 10") and Ex. 11 at 21 (-953 claim chart Fig. 16, depicting OnePlus 7 Pro specification page, noting "OxygenOS based on Android™ 9").   The documents cited and produced by WSOU also show that the accused products are designed to be compatible with different generations of OnePlus's chargers (*e.g.*, 30 Watt and 65 Watt) to achieve different maximum charging rates using fundamentally different technologies.  Lyons Decl., Ex. 13 at 8 (-957 claim chart, Fig. 5); *id.* at 45 (-957 claim chart, Fig. 43).  For example, some products rely on wired charging, while others support a wireless charging scheme.  *Id.*  Because WSOU provides no analysis showing how the single charted product in represented of the other five accused products that use different operating systems and technology, the contentions are deficient as to the Uncharted Accused Products.  *Intellectual Tech LLC v. Zebra Techs. Corp.*, Case. No. 6:19-cv-00628-ADA, Dkt. No. 31 (W.D. Tex. Apr. 29, 2020) (ordering supplementation of contentions where alleged exemplary products used a different operating system than uncharted products).

Because WSOU has not shown that the charted products are exemplary of the Uncharted Accused Products, such Uncharted Accused Products should be struck from its contentions.

**B.    WSOU's Indirect Infringement Contentions Should be Struck with Prejudice**

WSOU's infringement contentions include nothing more than conclusory language alleging that OnePlus indirectly infringes the Asserted Patents.  WSOU's conclusory allegations do not satisfy WSOU's burden to sufficiently allege infringement.  *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. C 16-06180, 2017 WL 2630088, at *5 (N.D. Cal. June 19, 2017) ("[B]oilerplate language that simply claims an accused infringer provided instructions on, advertised, or promoted the use of an accused product, without describing which instructions, advertisements, or promotions led to what infringing behavior, does not suffice … .").  WSOU's

allegations and analysis with respect to indirect infringement for each of the five patents asserted

against OnePlus is as follows:

> **WSOU's Amended Infringement Contentions Cover Pleading**: "Plaintiff
> further asserts that Defendant has indirectly infringed and continues to indirectly
> infringe by actively inducing and contributing to infringement of one or more of
> the claims of the Asserted Patent through the Accused Instrumentalities. Plaintiff
> also asserts that these third-parties directly infringe at least one or more of the
> claims of the Asserted Patent through the use of, implementation of, and/or
> integration with one or more of the Accused Instrumentalities.
>
> For example, Defendant has actively induced infringement by encouraging the use
> of the Accused Instrumentalities in ways that infringe each Asserted Claim,
> including, but not limited through providing instructions to its customers and
> partners to encourage and instruct the user or partner to utilize the accused product
> in an infringing manner. Defendant knew or should have known that such
> encouragement would induce infringement. Defendant has taken active steps with
> the specific intent to encourage and cause others to use each Accused
> Instrumentality in ways that infringe each Asserted Claim. Such active steps by
> Defendant with specific intent to induce infringement have included, among other
> things, advertising, promoting, marketing, making available for use, offering to sell,
> and/or selling the Accused Instrumentalities to others; encouraging and influencing
> others to import, offer to sell, and/or sell the Accused Instrumentalities; directing
> and instructing others to use the Accused Instrumentalities in infringing ways; and
> by providing the Accused Instrumentalities to others."

Lyons Decl., Ex. 10 at 6-7 (-952 Case), Exs. 11-14.

> **Amended Infringement Contentions Chart**: "WSOU also contends that OnePlus
> has indirectly infringed and continues to indirectly infringe by contributing to and
> actively inducing infringement of one or more of the Asserted Claims."

Lyons Decl., Ex. 10 at 1 (-952 claim chart), Exs. 11-14.

WSOU's infringement contentions provide no analysis, purported evidence, or explanation

as to how OnePlus allegedly indirectly infringes the asserted patents.  WSOU's contentions

essentially just paraphrase the legal standard for indirect infringement.  Such contentions leave

OnePlus to guess as to what actions WSOU alleges that OnePlus is purportedly taking (or has

taken) to indirectly infringe the Asserted Claims.  For example, WSOU alleges that OnePlus has

taken "active steps" with the "specific intent to encourage and cause others to use the accused

products in ways that infringe the Asserted Patents." *See e.g.*, Lyons Dec., Ex. 12 (-956 Am. Inf.

Cont. Cover) at 4.  But OnePlus Technology (Shenzhen) Co., Ltd. (the only named defendant in this litigation) is a Chinese company that designs and develops the accused products abroad and does not participate in, for example, the advertising and marketing of the accused products in the United States.  Instead, OnePlus USA Corp. ("OnePlus USA") has primary responsibility to, for example, market, advertise, and promote the accused products.  And OnePlus USA works with third-party partners to advertise and promote the accused products.

It is unclear what "steps" WSOU is accusing OnePlus (Shenzhen) of performing, or even which "third-parties directly infringe" the asserted patents.  WSOU does not explain whether the purported third-party direct infringer is: (1) an end user using the accused products, (2) a particular cellular network carrier(s) and, if so, which carrier using which cellular network(s), (3) a related OnePlus entity operating within the United States, (4) OnePlus USA's third-party partner(s) engaged in the advertisement and promotion of the accused products, (5) distributors or third-party sellers of the accused products, etc.  And WSOU's infringement contentions fail to identify what features or functionalities of any cellular network(s) would allegedly infringe the asserted patents and how OnePlus alleged, induced, or contributed to this infringement.  WSOU has also failed to provide contentions explaining how the accused products were allegedly made to infringe the asserted patents and are not suitable for non-infringing uses.

Because WSOU has failed to amend its contentions to resolve these deficiencies, the Court should strike WSOU's indirect infringement contentions.

### C.     WSOU's Infringement Contentions Under the Doctrine of Equivalents Should be Struck with Prejudice

The Court should also strike WSOU's boilerplate and conclusory allegations that the accused products infringe the asserted patents under the doctrine of equivalents.  *See Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct.

10, 2017) (explaining that courts "have been clear that doctrine of equivalents theories must be laid out in detail in a party's infringement contentions and that the type of boilerplate allegations contained in [Plaintiff's] infringement contentions are insufficient"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015) ("It is improper to assert the doctrine of equivalents with generic 'placeholder' language on the hope that future discovery might support such an assertion.").  WSOU's allegations and analysis with respect to the doctrine of equivalents is as follows:

> **WSOU's Amended Infringement Contentions Cover Pleading**: "To the extent that Defendant alleges that one or more limitations of the Asserted Claims are not literally found in the Accused Instrumentalities, Plaintiff alleges that such limitations are found in or practiced by the Accused Instrumentalities under the doctrine of equivalents. Any differences alleged to exist between any of the Asserted Claims and any of the Accused Instrumentalities are insubstantial and that each Accused Instrumentality also meets each limitation under the doctrine of equivalents as the identified features of the Accused Instrumentality performs substantially the same function in substantially the same way to achieve substantially the same result as the corresponding claim limitation. WSOU reserves the right to assert infringement solely under the doctrine of equivalents with respect to any particular claim element(s), if warranted by discovery, further analysis, and/or claim constructions in this case."

Lyons Decl., Ex. 10 at 5-6 (-952 Case), Exs. 11-14.

> **Amended Infringement Contentions Chart**: "WSOU Investments, LLC ('WSOU' or 'Plaintiff') contends that OnePlus, including OnePlus's employees, directly infringes each of the Asserted Claims, either literally or under the doctrine of equivalents."

Lyons Decl., Ex. 10 at 1 (-952 claim chart), Exs. 11-14.

WSOU fails to state with specificity how the accused products purportedly infringe the asserted claims under the doctrine of equivalents and are insufficient to put OnePlus on notice of WSOU's theories under this doctrine. *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996) ("[E]vidence must be presented on a limitation-by-limitation basis.  Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice.").

Because WSOU's amended contentions fail to resolve this deficiency, the Court should strike WSOU's boilerplate contentions alleging infringement under the doctrine of equivalents

### D.   WSOU Should Not be Granted Leave to Amend its Infringement Contentions

Many months ago, OnePlus notified WSOU its infringement contentions were deficient. WSOU ignored OnePlus for months, forcing OnePlus to ask this Court to intervene.  Even after being instructed by this Court to meet-and-confer regarding amending WSOU's deficient infringement contentions, WSOU failed to provide charts for all of the accused products, failed to explain how the allegations in the single chart it did provide for each patent is representative of the other accused products, failed to identify its basis that OnePlus indirectly infringed the asserted patents, and failed to identify its basis for its claims of infringement under the doctrine of equivalents.

WSOU has had ample opportunity to amend its contentions.  WSOU ignored both of OnePlus's May 28, 2021 and June 2, 2021 letters detailing the infringement contentions' deficiencies and requesting that WSOU supplement its contentions.  Even after this Court instructed the parties to meet and confer on this issue, WSOU chose not to do what every plaintiff in every patent case is required to do—provide infringement charts for the accused products.

In a case that is over a year old, WSOU should not be given yet another opportunity to provide preliminary infringement contentions on the Uncharted Accused Products.  WSOU is entitled only to pursue a case on the products for which it has provided proper infringement contentions.  WSOU will not be unfairly prejudiced by its own decision to avoid investigating and properly identifying additional accused devices. *See Davis-Lynch*, 2009 WL 81874, at *4 ("[T]he relative importance of including these products in its [infringement contentions] should have generated a commensurate amount of diligence.").

16

## V.      CONCLUSION

For the above reasons, the Uncharted Accused Products, indirect infringement allegations, and doctrine of equivalents allegations should be struck from WSOU's infringement contentions with prejudice.

Dated: November 24, 2021

/s/ Michael J. Lyons
Michael J. Lyons*
California Bar No. 202284
michael.lyons@morganlewis.com
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
Ahren.hsu-hoffman@morganlewis.com
Jacob J.O. Minne*
California Bar No. 294570
jacob.minne@morganlewis.com
Austin L. Zuck*
California Bar No. 318434
austin.zuck@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
T: 650.843.4000
F: 650.843.4001

Elizabeth M. Chiaviello
Texas Bar. No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001

*Admitted *pro hac vice*

***Attorneys for Defendant OnePlus
Technology (Shenzhen) Co. Ltd.***

**<u>CERTIFICATE OF CONFERENCE</u>**

I hereby certify that on November 9 and 11, 2021, counsel for OnePlus conferred with counsel for WSOU and WSOU stated that they oppose this Motion. *See* Lyons Decl., Ex. 20.

*/s/ Michael J. Lyons*
Michael J. Lyons

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on November 24, 2021, a true and correct copy of the foregoing document was served via electronic mail on counsel of record per Local Rule CV-5.

*/s/ Michael J. Lyons*
Michael J. Lyons

18