# EXHIBIT 6

# Morgan Lewis

**Jacob J.O. Minne**
Associate
+1.650.843.7280
jacob.minne@morganlewis.com

May 28, 2021

**VIA E-MAIL:  JWALDROP@KASOWITZ.COM**

Jonathan K. Waldrop, Esq.
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA  94065

Re: Infringement Contentions in Case Nos. 6:20-cv-00952, -953, -956, -957, -958

Dear Mr. Waldrop:

We have identified numerous deficiencies in the Infringement Contentions served last week by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU").  As detailed below, these deficiencies prevent defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") from understanding Plaintiff's contentions and fully and efficiently preparing our responsive and affirmative case.  We ask that you (1) promptly confirm that you will serve updated infringement contentions addressing all the concerns below and (2) serve such contentions no later than June 4, so that OnePlus is not further prejudiced by loss of time to prepare its case.

**<u>Deficiencies Common to All Contentions</u>**

The form of contentions used by WSOU have resulted in several deficiencies common to the infringement contentions in all five cases.  Specifically:

**Failure to Identify Evidence Supporting An Earlier Priority Date**.

The template OGP and proposed scheduling order recently submitted by the parties requires Plaintiff's contentions to "identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit." Plaintiff has not done this.  No evidence of conception or reduction to practice other than file histories have been produced.  And instead of clearly identifying a claimed priority date, Plaintiff has written:

> [e]ach of the Asserted Claims of the [###] Patent is entitled to a priority date of **no later than** [date].  The subject matter described by the Asserted Claims, however, may have been conceived and reduced to practice prior to this priority date.  WSOU also reserves the right to identify any portions of the file history as containing evidence of conception and

**Morgan, Lewis & Bockius** LLP

1400 Page Mill Road
Palo Alto, CA  94304
United States

**T** +1.650.843.4000
**F** +1.650.843.4001

Jonathan K. Waldrop, Esq.
May 28, 2021
Page 2

> reduction to practice.[1] WSOU Plaintiff's research and analysis is ongoing and **Plaintiff reserves the right to assert that the claims are entitled to a priority date that is earlier than the above date.**

Emphasis Added.  The above reservation of rights is not permitted under the OGP, which requires actual identification (and not speculation) as to a priority date and production of *all* documents evidencing conception and development.  Additionally, WSOU, as alleged owner of the patents at issue, is in the best position to collect this information; indeed, such a collection should have been part of its pre-suit diligence.

Without more definite disclosures, OnePlus cannot prepare its case.  Specifically, Defendant cannot set an appropriate priority date to bound its prior art searching.  It also cannot assess the veracity of any alleged evidence of conception and reduction to practice prior to filing.  Accordingly, WSOU must update its contentions to provide a definite priority date and produce any evidence of conception and reduction to practice beyond the file histories.

**Failure to Map The Claims To All Accused Products**

The template OGP and proposed scheduling order also requires that Plaintiff's charts set forth "where in the accused product(s) each element of the asserted claim(s) are found."  In each case, the contentions accuse at least two, and sometimes as many as nine products, and "all past, current and future OnePlus products and services that operate in the same or substantially similar manner as the specifically identified products and services."

But instead of providing claim charts, in each case, WSOU has mapped only a single product.  It has not mapped each identified accused product, nor explained how the single mapped product is representative of the other accused products.

For example, the allegations based on the '746 patent assert "[t]he [accused] mobile devices comprises of 5G supported Qualcomm Snapdragon 865 processor **along with the Qualcomm Snapdragon X55 5G RF Modem**" (-958 Case Exhibit 1 at 4, emphasis added) and that the "X55 RF modem functions on the 3GPP release 15 specifications of 5G technology such as CRC-Aided Polar coding scheme" (*id.* at 6) and relies on these allegations throughout the chart.  However, the exhibits show that only the OnePlus 8, and not the OnePlus 8 Pro, uses the X55 5G RF Modem. Other charts related to wireless communications standards (in all but the -957 case) similarly involve products with disparate wireless communications chipset, and do not provide any evidence that the mapped features are exemplary across all accused devices.  In the -957 case (with claims involving software for battery charging), the six accused devices all run different operating system releases, and WSOU has not made any effort to show that the code identified as allegedly infringing is exemplary of the code in all devices.

---

[1] This sentence is absent from the -953 case / '614 Patent Contentions, marking a further deficiency as for these contentions, such that Plaintiff has identified no evidence of conception and reduction to practice.

Jonathan K. Waldrop, Esq.
May 28, 2021
Page 3

Given the current charts, OnePlus cannot understand what particular features of particular products WSOU alleges infringe its patents.  Accordingly, WSOU must update its charts to map each accused product individually to the asserted claims.

**Failure to Describe Alleged Infringement Under the Doctrine of Equivalents**

All of the infringement contentions include language such as "[t]o the extent that Defendant alleges that one or more limitations of the Asserted Claims are not literally found in the Accused Instrumentalities, Plaintiff alleges that such limitations are found in or practiced by the Accused Instrumentalities under the doctrine of equivalents" and continues with boilerplate language not specific to either the claims or accused patents.  This again is insufficient to put OnePlus on notice of WSOU's claims.  "[E]vidence must be presented on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996).  WSOU must update its contentions to identify which specific claim elements it presently believes may be infringed under the doctrine of equivalents and explain how the accused products contain an equivalent to those elements.

**Failure to Describe Alleged Indirect Infringement**

Similar to the DOE allegations, the indirect infringement allegations are boilerplate and provide insufficient notice.  They do not identify which third parties using what cellular networks allegedly directly infringe the Asserted Patents, nor do the contentions identify the OnePlus' alleged "active steps" taken with "specific intent to encourage and cause other to use each Accused Instrumentality in ways that infringe each Asserted Claim" to support an induced infringement claim.  Likewise, WSOU has provided no evidence supporting the allegation that "the Accused Instrumentalities are … especially made or especially adapted for use to infringe the Asserted Patent[s], and are not staple articles or commodity of commerce suitable for substantial non-infringing uses."  To the contrary, many of the allegations demonstrate alternative noninfringing modes of operations.  *See, e.g.,* '776 Claim Chart at 9-10 (noting that the "[t]he value of the powerrampingstep can be 0, 2, 4, or 6 db" but only alleging infringement "[w]hen the value of the powerrampingstep is 0db").  Given this, we are unclear on WSOU's basis for alleging either induced or contributory infringement.

As with the other general deficiencies, WSOU must update its contentions with specific allegations and evidence of third-party infringement and associated inducing or contributory acts by OnePlus.

These deficiencies are highly prejudicial to OnePlus.  Without a full understanding of WSOU's contentions, OnePlus cannot prepare a defense in this matter, or timely prepare its production of invalidity contentions or claim construction arguments.  **Accordingly, we ask that you promptly update your contentions to resolve the above concerns, no later than June 4, 2021.**  To the extent WSOU does not agree to so-amend its contentions, please provide a time you are available to meet and confer next week.

Jonathan K. Waldrop, Esq.
May 28, 2021
Page 4

Additionally, OnePlus has had these contentions for less than two weeks, and its review is ongoing.  We will write you separately regarding individual patent contentions which appear to lack one or more asserted claim elements, or which we cannot otherwise understand.  The deficiencies discussed above are in no way limiting of any other arguments that OnePlus may make.  OnePlus does not necessarily agree with any of the factual claims asserted in the contentions.  OnePlus reserves all rights to identify further deficiencies in and defenses to WSOU's contentions, and other claims in this case.


 Sincerely,


 /s/ Jacob J.O. Minne


Jacob J.O. Minne

Enclosure