# EXHIBIT 7

# Morgan Lewis

**Jacob J.O. Minne**
Associate
+1.650.843.7280
jacob.minne@morganlewis.com

June 2, 2021

**VIA E-MAIL:  JWALDROP@KASOWITZ.COM**

Jonathan K. Waldrop, Esq.
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA  94065

Re: Infringement Contentions in Case Nos. 6:20-cv-00952, -953, -956, -957, -958

Dear Mr. Waldrop:

As discussed in my May 28, 2021 correspondence, defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") identified deficiencies in Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU")'s infringement contentions that are common to all of the contentions served in each of the above-identified cases.  In addition to those deficiencies, OnePlus identifies the following deficiencies that are particular to individual cases/patents.

**In the '776 Patent Contentions**

- **"Randomly Selected"**—The patent claims (e.g., element "10a") require "a signature sequence randomly selected from a set of signature sequences."  WSOU contends that Figure 4 shows "a Zadoff-Chu sequence or CAZAC sequence (i.e., signature sequence) randomly selected from one or several root Zadoff-Chu sequences (i.e., a set of signature sequence)." '776 Chart at 5-6.  Nothing in Figure 4 teaches a random selection of Zadoff-Chu or CAZAC signature sequences.  The same deficiency is found in elements 11Pre, 14b, 1a, 2a, 5a, and 19a.  WSOU must update its contentions to specifically identify what, if anything, in the accused products WSOU contends performs the claimed random selection.

- **"the selected signature ... retrieved from memory"**—While Claims 10a and 11pre require the preamble sequence to be *randomly* selected, claim 15b requires the second signature sequence to be "the selected signature sequence of the first preamble retrieved from the memory [of the apparatus]."  WSOU cites the same figure for this "retrieved from the memory" selection that it cites for the random selection. '776 Chart at 38. This problem recurs with Claim elements 18b, 6a, 9a, and 20a. Given the apparent contradiction, OnePlus cannot understand WSOU's allegations and the contentions must be amended to identify what WSOU contends provides the "retrieved from the memory" selection or withdrawn.

**Morgan, Lewis & Bockius LLP**

1400 Page Mill Road
Palo Alto, CA  94304
United States
☏ +1.650.843.4000
🖷 +1.650.843.4001

Jonathan K. Waldrop, Esq.
June 2, 2021
Page 2

- **Failure to clarify the accused mode of operation.** In several instances, WSOU cites portions of standards or other documents that disclose multiple modes of operation of an accused device. *See, e.g.,* '776 Chart at 7, citation 5 (disclosing different operation "if the UE is a BL UE or a UE in enhanced coverage.") In such instances, it is unclear which mode of operation WSOU contends practices the claim element. WSOU must update its contentions to clarify which, if any, modes of operation it believes are covered by the asserted claims.

**In the '614 Patent Contentions**

- **"a node" / "the node for relaying has different buffering capabilities than the user station"**—In its contentions, WSOU identifies the "node" as "the user station acting as a relay node (i.e., OnePlus 7 Pro)." '614 Chart at 7. Assuming such a mode of operation is possible, then as OnePlus understands WSOU's contentions, the node and the user station are the same device. Please confirm that this WSOU's contention and, if not, explain what constitutes the node and the user station, respectively. If WSOU contends they are same device, please explain how WSOU contends that limitation requiring the node and relay station to have "different buffering capabilities" is met Similar or identical claim language and allegations are present in each other independent claim charts. The charts must be supplemented or withdrawn.

- **Means-plus-function claims.** Claim 6 includes elements in "means-plus-function" format. *See e.g.,* 6a ("means for causing sending of a buffer information report to a system station from a node for relaying communications between at least one user station and the system station, the report being generated based on a report format used for uplink reporting by a user station"), 6b ("means for causing sending of an indication to the system station that the node for relaying has different buffering capabilities than the user station."). The Federal Circuit has held that "in order to meet a means-plus-function limitation, an accused device must (1) perform the identical function recited in the means limitation and (2) perform that function using the structure disclosed in the specification or an equivalent structure." *Kearns v. Chrysler Corp.,* 32 F.3d 1541, 1548 n.8 (Fed. Cir. 1994). Notwithstanding the concerns above, to maintain its allegations as to this claim, WSOU must update its charts to identify when the accused products perform the claimed function, and must identify the corresponding structure from the patent specification and where it is found in the accused products.

**In the '876 Patent Contentions**

- **A "base station."** Each of the independent claims includes "a wireless communication system [comprising / including] at least one base station and at least one mobile station." WSOU has not identified where a base station is found in the accused products. Unless WSOU promptly identifies what it contends to be the base station, it must withdraw its contentions.

Jonathan K. Waldrop, Esq.
June 2, 2021
Page 3

**In the '708 Patent Contentions**

- **The Priority Date**.  WSOU alleges "[e]ach of the Asserted Claims of the '708 Patent is entitled to a priority date of no later than Nov. 2, 2001."  The filing of the patent was October 25, 2010, and it does not claim priority to any other application or foreign filing.  As there is no plausible support for a priority date almost nine years before filing, the contentions must be amended.

- **"calculat[ing] [...] a time remaining to charge ... based on the [constant current / constant voltage] phase charging characteristics."**  For this claim element, Plaintiff relies on a screenshot allegedly taken from a OnePlus 3T to show calculating a time remaining to charge.  '708 Chart at 18.  The OnePlus 3T is not an accused product.  Additionally, the contentions include code snippets, but none of those code snippets include a calculating step, or show constant current or constant voltage characteristics being used in such calculations.  Accordingly, OnePlus is unable to understand WSOU's contentions and WSOU must supplement or withdraw its contentions.

- **Claim 6b: "using, by the apparatus, the category of the charger adapter to improve accuracy of an initial remaining charging time estimation."**  WSOU's claim charts for this element (pp. 42-44) do not show either "improve[d] accuracy" or "an initial remaining charging time" before effecting such improved accuracy.  Accordingly, please identify what, if anything, WSOU contends meets the requirement to "improve[d] accuracy" or "an initial remaining charging time" before effecting such improved accuracy.  Unless WSOU identifies what it contends corresponds to this limitation, it should withdraw its contentions.

**In the '746 Patent Contentions**

- **Ambiguous Reliance on DOE**.  The body of WSOU's contentions state that "Plaintiff asserts that Defendant has directly infringed and continues to directly infringe the Asserted Claims literally through the Accused Instrumentalities."  '746 Contentions at 3.  However, the charts appear to only assert infringement under the doctrine of equivalents, noting in element 1a that the alleged combination of virtual channel information "is equivalent to combining multiple bit sequences."  '746 Chart at 18; *see also* p. 44 (element 11c, incorporating by reference element 1a).  Please confirm that WSOU is only asserting infringement under Doctrine of Equivalents.

- **Other unclear descriptions of alleged infringement**.  Additionally, there are numerous other sentence fragments, apparent typos, and general ambiguities that make it impossible to understand WSOU's contentions.  For example, in the chart at 24, WSOU writes "Wideband or sub bands CQI reporting, is configured by the higher layer parameter."  *See also* '746 Chart at 35.  The highlighted comma breaks the sentence structure, making it unintelligible.  Later, at page 33, the contentions state "Polarization in polar code helps most reliable channel to decode well at decoder side that comprises of most significant bits (MSB) as shown in Fig. 27."  Again, this is unintelligible—do the contentions mean that most (many-but-not-all) reliable channels are helped by polarization in polar code?  Or that only the most-reliable channel is helped?  Or are there other words missing?  More generally, the narrative descriptions are disjointed

Jonathan K. Waldrop, Esq.
June 2, 2021
Page 4

and mix apparent background documents with standards documents, leaving OnePlus to
guess where Plaintiff's background explanation ends and the actual infringement
contentions begin.  In order to fairly put OnePlus on notice of the contentions, they
must be substantially revised to address these concerns.

As previously explained, these deficiencies are highly prejudicial and hinder OnePlus's ability to
timely prepare its defenses, invalidity contentions and claim construction arguments.  **We ask
that within one week, you promptly update your contentions to resolve the above-
identified concerns.**  To the extent WSOU does not agree to so-amend its contentions, or to
address the concerns in the May 28, 2021 correspondence, please provide a time you are
available to meet and confer this week.

Again, OnePlus has had these contentions for only two weeks, and its review is ongoing.  The
deficiencies discussed above are in no way limiting of any other arguments that OnePlus may
make.  OnePlus does not necessarily agree with any of the factual claims asserted in the
contentions.  OnePlus reserves all rights to identify further deficiencies in and defenses to
WSOU's contentions, and other claims in this case.


Sincerely,


*/s/ Jacob J.O. Minne*


Jacob J.O. Minne

Enclosure