# EXHIBIT A

| | |
|---|---|
| **From:** | Minne, Jacob J.O. <jacob.minne@morganlewis.com> |
| **Sent:** | Wednesday, December 1, 2021 2:38 PM |
| **To:** | Bradley P. Lerman; John Downing |
| **Cc:** | WSOU v. OnePlus (KASOWITZ); mark@swclaw.com; Joshua A. Whitehill; Darcy L. Jones; Heather Kim; Jack Shaw; Jonathan K. Waldrop; WSOU v OnePlus |
| **Subject:** | WSOU v. OnePlus - 11-23-2021 Meet and Confer Summary |

**ALERT: THIS IS AN EXTERNAL EMAIL.** Do not click on any link, enter a password, or open an attachment unless you know that the message came from a safe email address. Any uncertainty or suspicion should be immediately reported to the Helpdesk.

Counsel,

Please find below a summary of last week's meet and confer:

OnePlus agreed to complete an additional technical production soon. However, we noted that much of the requested code, including without limitation "code responsible for the 5G functionality," "code responsible for, but not limited to the LTE/LTE-A functionality," and "code responsible for the 4G/5G functionality," was outside OnePlus' possession, custody, or control.

The parties agreed to a joint extension of the deadline to revise infringement and invalidity contentions without leave of the court, in light of continuing technical depositions. For avoidance of doubt, we propose the following deadlines:
- Revised infringement contentions due January 28, 2022;
- If infringement theories are revised, invalidity contentions may be served up to three weeks thereafter without leave of court. If infringement theories are not revised, invalidity contentions may be served up to one week thereafter without leave of court.

OnePlus provided the following deposition dates:

- Ying Zeng: January 11-12
- Qihang Hu: January 13-14*

    *Mr. Hu's deposition is subject to securing a passport and travel authorization. This is complicated because he is not a registered resident of Shenzhen and cannot return to his home province due to a COVID outbreak. He is applying to register as a Shenzhen resident so that he can timely receive travel authorization. We are optimistic that these dates can be maintained, but will update this availability as the situation evolves.

    OnePlus further notes that all dates continue to be subject to the ability of witnesses to travel outside of and return to mainland China and promptly resume work.

    Both depositions will be translated. Depositions will be scheduled to accommodate witness timezones (likely 9am to 4pm CST / 5pm to 12am PST).

OnePlus agreed to supplement its response to Interrogatory No. 7 soon.

1

Regarding deposition topics:

- Topic 1: the parties agreed this would be limited to testimony on the development, testing, and functionality of the Accused Products specifically identified by WSOU.
- Topics 2, 24, 28 and 29: Any post-suit information sought by these topics is privileged.  Further, OnePlus does not have pre-suit knowledge for the Asserted Patents.  Accordingly, OnePlus will not prepare witnesses to testify on these topics.  OnePlus agreed that WSOU may ask the witnesses to confirm that they did not have pre-suit knowledge of the patents.
- Topics 1, 3, 5-12, 15, 17-23, 28, and 30: for these topics OnePlus' pending offer to prepare and produce witnesses subject to agreement to limit the scope of the topics to the Accused Products specifically identified by WSOU (including products named-but-not-charted in infringement contentions, but not including products that are not named in WSOU's infringement contentions).  WSOU is considering this compromise.  Please let us know what WSOU decides.
- Topic 4: the parties agreed this request could be limited to OnePlus' decision to implement wireless connectivity standards, i.e., 4G and 5G.  OnePlus confirms that it did not have knowledge of the Asserted Patents during development of any named Accused Product.
- Topic 5: WSOU agreed to propose a narrowed topic.
- Topic 6: OnePlus offered to prepare and produce a witness on valuation of Accused Products specifically identified by WSOU, noting that further analysis of valuation in this case was properly the subject of expert discovery.  WSOU refused this compromise.  Please advise regarding WSOU's proposal on this topic.
- Topic 8: OnePlus noted that the terms "marketing information" and "correspondence" made this topic overly vague and broad to reasonably prepare a witness.  For example, no witness can reasonably be prepared to testify on all "correspondence" relating to the Accused Products.  OnePlus offered to compromise and produce a witness to testify on other aspects of this topic, i.e., consumer surveys, marketing studies, business plans, strategic plans, reports to management for Accused Products specifically identified by WSOU.  WSOU refused this compromise.  Please advise regarding WSOU's proposal on this topic.
- Topic 10: To resolve ambiguity, the parties agreed to limit this topic to "how the accused products specifically identified by WSOU compete with other products OnePlus's knowledge about its major competitors and the reasons for OnePlus's successes and failures."
- Topics 13, 25, 26, 27: OnePlus believes these topics are premature and/or directed towards expert discovery.
- Topics 14 and 15: discussion of these topics was skipped at WSOU's request.  OnePlus agrees to the scope of these topics, provided that Topic 14 and 15's recitation of "Patented Technology" be limited as proposed below (or as otherwise agreed by the parties) and that Topic 15 be limited only to the Accused Products specifically identified by WSOU.
- Topics 16, 17, 31: to the extent OnePlus has responsive information on these topics, we will prepare and produce a witness.
- Topic 23: OnePlus explained that this was vague as to "any benefits, financial or otherwise" and asked that WSOU provide examples of non-financial benefits it was seeking discovery on.  WSOU could not identify any.  OnePlus maintains that this topic is vague but offers to prepare and produce a witness on this topic, as best it understands it, with respect to the Accused Products specifically identified by WSOU.  Please let us know if you agree to OnePlus's proposed compromise.
- Topic 32 and 33: as a compromise, OnePlus offers to prepare and produce a witness to explain its corporate knowledge on the operation of Accused Products specifically identified in WSOU's infringement contentions, and OnePlus' activity or non-activity in the United States.  OnePlus believes all other information sought by these topics is redundant of other topics and/or the subject of expert discovery.
- Topics 34: Subject to any privilege objections at the deposition, OnePlus will prepare and produce a witness to testify on this topic.
- Topics 35 and 36: The parties agreed that OnePlus would produce witness(es) to testify as to the identity of documents kept in the ordinary course of business and produced by OnePlus in this action.
- Topic 37:  Without waiver of any privilege objections, OnePlus will prepare and produce a witness to testify on this topic.

- Topics 38, 39, and 40: subject to our interrogatory and other objections, we agree to prepare and produce witness(es) to testify on these topics.

Also, Topic 7 was inadvertently omitted from our discussion, but OnePlus offers to prepare and produce a witness Consumer demand or customer demand, including any efforts OnePlus has engaged in to study, or understand consumer demand or customer demand, for the Accused Products specifically identified by WSOU.  Please let us know if you agree to this compromise.

Finally, with regard to topics 6, 14 and 15, WSOU requested that OnePlus propose narrowed definitions of "Patented Technology"; without prejudice to any other arguments on OnePlus' or any expert's understanding of such technology or other arguments, OnePlus proposes the following:

| | |
|---|---|
| -952 Case | Cellular network random access power levels and procedures |
| -953 Case | Reporting buffer information for a node with connected devices |
| -956 Case | variable rate channel quality feedback in a wireless communication system |
| -957 Case | method of estimating remaining constant current/constant voltage charging time |
| -958 Case | method and transmitter element for transmitting channel information for link adaptation and associated method and receiver element for receiving the channel information. |

Regarding the topics above, please let us know if you agree to any of the pending compromise offers.

If there are any further points you wish to discuss, please let us know.

Best,

Jacob


**Jacob J.O. Minne**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304
Direct: +1.650.843.7280 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
jacob.minne@morganlewis.com | www.morganlewis.com
Assistant: Marilyn Jean Doris | +1.650.843.7578 | marilyn.doris@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.