# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | |
| **DEVELOPMENT,** | § | Civil Action No. 6:20-00952-ADA |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ONEPLUS TECHNOLOGY** | § | |
| **(SHENZHEN) CO., LTD.** | § | |
| | § | |
| *Defendant.* | | |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD. OBJECTIONS
AND RESPONSES TO WSOU INVESTMENTS, LLC'S
FIRST SET OF INTERROGATORIES (NOS. 1-8)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Western Texas ("Local Rules"),  Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") by and through their undersigned attorneys, hereby provides its objections and responses to Plaintiff WSOU Investments, LLC D/B/A Brazos Licensing and Development ("WSOU" or "Plaintiff") First Set of Interrogatories (Nos 1-8) served October 11, 2021.

## GENERAL STATEMENTS

OnePlus incorporates by reference each and every General Statement or other objection set forth below into each and every specific response.  From time to time a specific response may repeat a General Statement or other objection for emphasis or some other reason. The failure to include any General Statement or other objection in any specific response shall not constitute a waiver of any General Statement or other objection to that Interrogatory.

1.      OnePlus incorporates by reference each of the General Statements, General Objections, and Objections to Definitions and Instructions made in response to any other written discovery in the above-captioned ADA matter, including OnePlus's Responses and Objections to WSOU's First Set of Requests for Production, and any supplemental responses made thereto.

2.      By responding to these Interrogatories, OnePlus does not waive any objection that may be applicable to: (i) the use, for any purpose, by OnePlus of any information given in response to the Interrogatory; or (ii) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information to any issue in the case.  OnePlus expressly reserves the right to object to the use of these responses and their subject matter during any other proceeding, including the trial of this or any other action.

3.      OnePlus's responses to these Interrogatories are made to the best of OnePlus's

present knowledge, information, and belief.  Discovery in this case and OnePlus's investigation are ongoing, and these responses therefore are at all times subject to supplementation and amendment as discovery in this matter progresses.

4.      By stating that it will provide information or produce documents in response to any particular Interrogatory, OnePlus makes no representation that any such information or documents exist, but rather if such information or documents exist, and are within OnePlus's possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place to be agreed upon by the parties. No incidental or implied admissions are intended or made by the answers provided herein.  That OnePlus has answered or objected to any Interrogatory is not an admission by OnePlus as to the existence of any facts set forth or assumed by such Interrogatory.  That OnePlus has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, any waiver by OnePlus of any part of any objection to any Interrogatory.

5.      These responses represent OnePlus' good faith effort to respond to WSOU's Interrogatories in a timely manner.  OnePlus specifically reserves the right to amend, supplement, correct, or clarify these responses in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Western District of Texas or any other applicable Rule or Order, (collectively the "Applicable Rules or Orders").

6.      OnePlus reserves all objections or questions as to the competency, relevance, materiality, privilege, or admissibility of any information, document, or thing produced in response to WSOU's Interrogatories as evidence in any subsequent proceeding or trial in this or any other action for any purpose whatsoever.

## GENERAL OBJECTIONS

1.      OnePlus generally objects to each Interrogatory to the extent it seeks information that exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the Western District of Texas, or any applicable Court Order.

2.      OnePlus generally objects to each Interrogatory to the extent that it seeks information not relevant to any claim or defense or proportional to the needs of the case.  Such irrelevant information includes, but is not limited to, Interrogatories that request information or the production of documents and things beyond the relevant temporal or geographic scope of this matter, and Interrogatories that request information not relevant to the subject matter of this litigation.

3.      OnePlus generally objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the joint defense privilege, or the common interest privilege, information protected from disclosure by the work-product doctrine, trial preparation materials protected under Fed. R. Civ. P. 26(b)(3), or information protected from disclosure by any other applicable privilege, immunity, or protection.  OnePlus understands that the Interrogatories do not seek privileged material generated after the commencement of litigation, and therefore will not identify such material on any privilege log generated in this action.  The inadvertent identification or production of any such information or documents is not a waiver of any privilege, immunity, or protection.  OnePlus will not list on any privilege log any item created in connection with this litigation.  This includes confidential communications seeking or providing legal advice between OnePlus (or its agents) and attorneys (or their agents) representing OnePlus in connection with such representation.  It also includes

work product performed by OnePlus (or its agents) or its attorneys (or their agents) in connection with investigating WSOU's allegations in this action.

4.      OnePlus generally objects to each Interrogatory to the extent that it requires OnePlus to produce documents or disclose information in violation of a legal or contractual obligation of nondisclosure and/or confidentiality to a third party.  OnePlus will only provide such documents after obtaining consent from any applicable third parties and subject to the protections and protocols in the protective order for this lawsuit.

5.      OnePlus generally objects to each Interrogatory to the extent it seeks documents and information that is unduly duplicative, overly broad, unduly burdensome, oppressive, or constitutes an abuse of process, particularly when the cost necessary to investigate is high compared to WSOU's need for the information.

6.      OnePlus generally objects to each Interrogatory to the extent that it seeks information already in WSOU's possession, or information that is a matter of public record or is otherwise equally available to WSOU.

7.      OnePlus generally objects to each Interrogatory to the extent that it is premature in light of the Court's Scheduling Order.

8.      OnePlus generally objects to each Interrogatory to the extent that it seeks discovery of materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and therefore constitutes an improper and premature attempt to conduct discovery of expert opinion.  Without limitation on this objection, OnePlus objects to WSOU's Interrogatories to the extent they seek information that is premature in light of the Applicable Rules or Orders and expert discovery deadlines.

9.      OnePlus generally objects to each Interrogatory to the extent that it purports to attribute any special or unusual meaning to any technical terms, phrases, or claim limitations.

10.     OnePlus generally objects to each Interrogatory to the extent that it calls for information or for the production of documents and/or things that are not within OnePlus' possession, custody, or control.  Such information includes, but is not limited to, documents that may have been misplaced or lost, could not be located after a reasonably diligent search, or which are otherwise inaccessible to OnePlus.  OnePlus further objects to each Interrogatory to the extent that it calls for OnePlus to prepare documents and/or things that do not otherwise exist.

11.     OnePlus generally objects to each Interrogatory to the extent that it seeks information solely within the possession, custody, or control of third parties.

12.     OnePlus generally objects to each Interrogatory as overbroad and unduly burdensome to the extent that it purports to require OnePlus to search OnePlus' facilities and inquire of OnePlus' employees other than those facilities and employees that would reasonably be expected to have responsive documents.

13.     OnePlus generally objects to each Interrogatory to the extent that it requires OnePlus to respond on behalf of entities that are not parties to this litigation.

14.     OnePlus generally objects to each Interrogatory to the extent that it seeks legal conclusions or presents questions of pure law.

15.     OnePlus generally objects to each Interrogatory to the extent that it requests electronic information which is not reasonably accessible, or the accessibility of which would cause great expense and burden to OnePlus.  To the extent accessing such electronic information is time or cost prohibitive, cost-shifting considerations shall be taken into account.

16.     OnePlus generally objects to each Interrogatory to the extent that it seeks information for unspecified time periods, or for time periods beyond those relevant to the issues

in this lawsuit on the grounds that such an Interrogatory is overly broad, and without merit or foundation, and therefore seeks information that is neither relevant nor proportional to the needs of the case.

17.     OnePlus generally objects to each Interrogatory to the extent that it seeks information regarding any OnePlus product beyond those specifically accused in this lawsuit on the grounds that such an Interrogatory seeks information that is neither relevant nor proportional to the needs of the case, overly broad, unduly burdensome, and without merit or foundation.

18.     To the extent that OnePlus agrees to produce information or documents, they will do so only once, regardless of the number of Requests or Interrogatories to which it is responsive.

19.     OnePlus generally objects to each Interrogatory to the extent that the burden and expense of responding is not proportional to the needs of the case based on: (i) the importance of the issues at stake in the action; (ii) the amount in controversy; (iii) the parties' relative access to relevant information; (iv) the parties' resources; (v) the importance of the discovery in resolving the issues; and (vi) whether the burden or expense of the proposed discovery outweighs its likely benefit.

20.     The above-stated General Objections apply to, and are incorporated by reference in, the response to each and every Interrogatory.  Specific objections to any Interrogatory are not intended in any way to preclude, override, or withdraw any of the General Objections to that Interrogatory.

<u>**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**</u>

1.     OnePlus objects to WSOU's "Definitions" and "Instructions" to the extent that they impose upon OnePlus any obligations different from, or in addition to, those obligations

imposed by the Federal Rules of Civil Procedure or the Civil Local rules of the Western District of Texas.

2.      OnePlus objects to each Interrogatory, and to the "Definitions" contained in the Interrogatories, to the extent that they purport to alter the plain meaning and/or scope of any specific Interrogatory, where such alteration renders the Interrogatory vague, ambiguous, overly broad, and uncertain.

3.      OnePlus objects to the definitions of "document," "communication," "concerning," and "electronically stored information," as overbroad and unduly burdensome to the extent those terms are defined inconsistently with their understanding pursuant to, or seek to impose any burdens beyond, the scope of the Federal Rules of Civil Procedure, the local rules, or any order of this court, including the Order Governing Proceedings.

4.      OnePlus objects to the term "Accused Products" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it can be interpreted to include products that are not relevant to this case, products for which WSOU has not provided specific infringement contentions to OnePlus pursuant to the Patent Rules, and/or products that were not made, used, sold, offered to be sold, or imported into the United States during the relevant time period. OnePlus further objects to this term at least because OnePlus does not have any product or application that "contains or makes use of the Patented Technology."  OnePlus also objects to at least WSOU's inclusion of "all past, current and future OnePlus products and services that operate in the same or substantially similar manner as" the products listed in WSOU's infringement contentions (*i.e.*, WSOU's October 26, 2021 Amended Preliminary Infringement Contentions) at least because this portion of WSOU's definition is not time limited and is wholly unclear as to what "products and services" WSOU would consider to operate in "the same or

substantially similar manner."  OnePlus will construe this term to mean only to the products specifically recited and identified in WSOU's infringement contentions.

5.    OnePlus objects to the term "Bill of Materials" as vague, ambiguous, overbroad, and/or unduly burdensome.  WSOU's definition of "Bill of Materials" would include any document related to any portion of a product, without any limitation to its connection to the accused functionality.  OnePlus construes this term to mean a Bill of Materials as would be understood in the ordinary course of business—*e.g.*, a structured list identifying all materials and components required to construct a product.

6.    OnePlus objects to the term "Hardware Specifications" as vague, ambiguous, overbroad, and unduly burdensome to the extent this term incorporates WSOU's overly broad definition of "Bill of Materials" as discussed above.  OnePlus will interpret the term "Hardware Specifications" using the understanding of the term "Bill of Materials" discussed above.

7.    OnePlus objects to the terms "OnePlus," "Defendant," "You" or "Your" to the extent it includes any entity other than the named defendant in this litigation or any person associated with any entity other than the named defendant in this litigation.

8.    OnePlus objects to the term "Infringe" as it includes "indirect [infringement], by equivalents, contributory, by inducement, literal, or by the doctrine of equivalents," even though WSOU has not sufficiently pled or provided more than conclusory statements regarding the purported infringement under any indirect or doctrine of equivalent theories.

9.    OnePlus objects to the term "Patented Technology" on the basis that OnePlus the Patent-in-Suit is invalid and/or unpatentable and to the extent that this term (or the application of this term in the Interrogatories) mischaracterizes the claims or technology of the Patent-in-Suit.

10.    OnePlus objects to the terms "product" and "products" as vague, ambiguous,

overbroad, and unduly burdensome to the extent that WSOU's definition or the use of the term "product" or "products" includes products or services that are not relevant to this case, products or services for which WSOU has not provided specific infringement contentions to OnePlus pursuant to the Patent Rules, and/or products or services that were not made, used, sold, offered to be sold, or imported into the United States during the relevant time period. OnePlus will not provide discovery on products that are not reasonably related to the accused infringement.

11.     OnePlus objects to the term "Related Products" as vague, ambiguous, overbroad, and unduly burdensome. It is unclear what is meant by "products, applications and/or software provided by OnePlus that use … the Accused Products." The use of the phrase "reasonably related to the Accused Products" is unduly broad and provides no certainty as to what "Related Products" are reasonably related to the claims and defenses at issue in this case. OnePlus also objects to the phrase "provided by" as used for this term as it is unclear whether "provided by" means that the "Related Product" is a OnePlus product, application, and/or software or whether it is a third party product, application, and/or software that might be provided through a OnePlus device.

12.     OnePlus objects to the term "Related Services" as vague, ambiguous, overbroad, and unduly burdensome. It is unclear what is meant by "services related to the Accused Products provided by OnePlus." The use of the phrase "related to the Accused Products" is unduly broad and provides no certainty as to what "Related Services" are related to the claims and defenses at issue in this case.

13.     By providing or identifying any information, documents, or things in response to the Interrogatories, OnePlus does not waive any objection to the Interrogatories, nor does OnePlus waive any claim of privilege or immunity, whether expressly asserted or not.

14.     These objections are based solely upon the information presently known to OnePlus.  All of the foregoing objections are hereby incorporated into each response below as though fully set forth therein.  To the extent that OnePlus, in a particular response, restate one or more, but not all, of the General Objections and Objections to Definitions and Instructions, all of these Objections are intended to be and are set forth as part of the response to that Interrogatory. Any agreement to provide or provision of information by OnePlus in response to an Interrogatory is made subject to and without waiving these General Objections and Objections to Definitions and Instructions, and any specific objection stated in the Interrogatory.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all products and applications that perform or enable any aspect of the Patented Technology, including but not limited to the Accused Products, Related Products, and Related Services developed, made, used, sold, offered for sale and/or provided by OnePlus, and for each, describe in detail how it was developed and its period of use.

### RESPONSE TO INTERROGATORY NO. 1:

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.  OnePlus objects to the terms "products," "Accused Products," "Related Products," and "Related Services" as vague, ambiguous, overbroad, and unduly burdensome because they include products or services not relevant to this case.  OnePlus objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all products and applications." OnePlus objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is unbounded in geographic or temporal scope. OnePlus further objects to this Interrogatory on the grounds that it improperly puts the burden on OnePlus to identify products that perform or enable the Patented Technology when the burden of identifying accused products and proving infringement rests with Plaintiff.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

OnePlus does not have any products, applications, or otherwise that perform or enable the Patented Technology. The Accused Products do not perform or otherwise enable any of the Patented Technology and therefore do not infringe any of the asserted claims of the Patent-in-Suit. The Accused Products were designed and developed by OnePlus and its employees and engineers. The release date for each respective Accused Product within the United States is provided in the chart below.

| Accused Product | US Introduction Date |
|-----------------|----------------------|
| **OnePlus 8** | Apr. 29, 2020 |
| **OnePlus 8 Pro** | Apr. 29, 2020 |
| **OnePlus 9 5G** | Apr. 2, 2021 |
| **OnePlus 9 Pro 5G** | Apr. 2, 2021 |
| **OnePlus Nord** | N/A |

**INTERROGATORY NO. 2:**

For each Accused Product, Related Product, Related Service, or product or application identified in response to Interrogatory No. 1, identify all persons and entities that developed, designed, coded, planned, or otherwise contributed to the Patented Technology as implemented in the Accused Product, or product or application identified in response to Interrogatory No. 1; for each person or entity identified, describe the nature of the work or services performed, including relevant dates and time periods.

**RESPONSE TO INTERROGATORY NO. 2:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity. OnePlus objects to the terms "products," "Accused Products," "Related Products," and "Related Services" as vague,

ambiguous, overbroad, and unduly burdensome because they include products or services not relevant to this case.  OnePlus objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks identification of "all persons and entities."  OnePlus objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is unbounded in geographic or temporal scope.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

OnePlus does not have any products, applications, or otherwise that perform or enable the Patented Technology.  For the Accused Products listed in response to Interrogatory No. 1, there is no person or entity that "that developed, designed, coded, planned, or otherwise contributed to the Patented Technology as implemented in the Accused Product[s]" identified above.  The Accused Products were designed and developed by OnePlus and its employees and engineers The person(s) most knowledgeable regarding the operation of the Accused Products are identified in OnePlus's initial disclosures.

**INTERROGATORY NO. 3:**

For each Accused Product, Related Product, Related Service, or product or application identified in response to Interrogatory No. 1, identify all source code files, modules, projects, libraries, collections, compilations, and repositories related to the Patented Technology as implemented in each.

**RESPONSE TO INTERROGATORY NO. 3:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege,

the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.  OnePlus objects to the terms "products," "Accused Products," "Related Products," and "Related Services" as vague, ambiguous, overbroad, and unduly burdensome because they include products or services not relevant to this case.  OnePlus objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is unbounded in geographic or temporal scope. OnePlus objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all source code files, modules, projects, libraries, collections, compilations, and repositories."

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this Interrogatory can be located at ONEPLUS_0003941-44.  OnePlus further responds that any additional non-objectionable information, to the extent that such information exists within OnePlus's possession, custody, or control and can be located after a reasonable and diligent search, that is responsive to this Interrogatory and relevant and proportional to the needs of this case will be provided subject to the parties' Agreed Protective Order concerning source code.

**INTERROGATORY NO. 4:**

For each Asserted Claim that you contend is not infringed, set forth in detail (on an element-by-element and product-by-product basis) the factual and legal bases for your contention of non-infringement.

**RESPONSE TO INTERROGATORY NO. 4:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this

Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.  OnePlus further objects to this Interrogatory on the basis that WSOU's amended infringement contentions, served October 26, 2021, remain deficient in many ways such that OnePlus cannot understand with a reasonable level of specificity WSOU's infringement contentions and the purported ways in which the Accused Products allegedly infringes the Patent-in-Suit.  In addition to the deficiencies with respect to direct infringement, WSOU's infringement contentions further provide nothing more than conclusory allegations regarding how OnePlus purportedly infringes the Patent-in-Suit under an indirect infringement theory and/or the doctrine of equivalents.  OnePlus further objects on the basis that WSOU's amended infringement contentions fail to provide infringement contentions regarding each Accused Product, and on the basis that WSOU has failed to show why its single infringement contention chart is representative of its allegations with respect to each Accused Product.  OnePlus objects to WSOU's request to provide OnePlus's reasons for non-infringement "on an element-by-element and product-by-product basis" as WSOU itself has refused to provide infringement contentions "on an element-by-element and product-by-product basis."  OnePlus objects to this interrogatory as premature and calling for expert discovery in advance of the deadline for opening expert reports.  OnePlus's response to this interrogatory does not address any potential additional reasons for non-infringement with respect to the Accused Products for which WSOU has not provided infringement contentions.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

Discovery and Defendant's review and investigation are ongoing, and OnePlus reserves the right to amend and/or supplement its response with respect to claims and/or claim limitations

that the Accused Products do not infringe, as well as the underlying factual and/or legal bases as to why the Accused Products do not infringe the Asserted Claims.

None of the Accused Products infringe any of the Asserted Claims.  The Accused Products do not infringe at least the claim limitations recited below for at least the reasons provided below.

- ***Claims 1[a], 10[a], 19[a]***: *"attempting access to a wireless network by sending from a transmitter on a random access channel at a first transmit power a first preamble comprising a signature sequence that is randomly selected from a set of signature sequences;"*

Among other things, WOSU fails to satisfy its burden to show the Accused Products "attempting access to a wireless network by sending from a transmitter on a random access channel at a first transmit power a first preamble comprising a signature sequence that is randomly selected from a set of signature sequences."  In particular, and without limitation, the Accused Products do not select a signature sequence; rather, the network chooses the valid signatures.  Additionally, signature sequences are not randomly selected.  Further, the Accused Products do not contain a "set" of signature sequences.  Rather, the Accused Products generate signature sequences as-needed. WSOU's infringement contentions appear to conflate the concept of a "random access request" with "random[] select[ion]" required by the patent and thereby fail to show that this requirement is met by the Accused Products.

- ***Claims 1[b], 10[b], 19[b]***: *"determine[e/ing] that the access attempt from the first preamble was unsuccessful"*

Among other things, WSOU fails to satisfy its burden to show that the Accused Products "determine the access attempt from the first preamble was unsuccessful."  In particular, and without limitation failing to receive a response within a set time and re-sending an access request is different from determining that an attempt was unsuccessful.

- ***Claims 1[b], 10[b], 19[b]:*** *"in which the second transmit power is no greater than the first transmit power."*

Among other things, WSOU fails to satisfy its burden to show that the Accused Products sends a "second transmit power that is no greater than the first transmit power." In particular, and without limitation, the LTE specification that WSOU relies on teaches ramping up the transmit power, which, according to OnePlus's current interpretation of WSOU's infringement contentions, to the extent OnePlus can sufficiently understand WSOU's contentions, would indicate a second transmit power that *is* greater than the first transmit power.

- ***Claims 5, 9, 14, and 18:*** *"in which the third transmit power is greater than the first transmit power and greater than the second transmit power"*

Among other things, WSOU fails to satisfy its burden to show that the Accused Products send a "third transmit power [] greater than the first transmit power and greater than the second transmit power." The Accused Products do not implement a step such that a third transmit power would be greater than the first and second transmit powers.

- ***Claim 11:*** *"separately to randomly select from the first set of signature sequences the signature sequence of the second preamble;"*

Among other things, WSOU fails to satisfy its burden to show than the Accused Products "separately" selects a set of signature sequences.

- ***Claim 15:*** *"store the selected signature sequence in the memory;"*

Among other things, WSOU fails to satisfy its burden to show that an Accused Products "store the selected signature sequence in the memory."

## INTERROGATORY NO. 5:

Set forth all factual and legal bases for your affirmative defenses, including but not limited to any allegation of non-infringement, anticipation, obviousness, inadequate written description, failure to meet the enablement or best mode requirements, or inequitable conduct.

To the extent you elect to answer any part of this interrogatory with reference to Federal Rule of Civil Procedure 33(d), please identify the specific documents on which you are relying by production number.

**RESPONSE TO INTERROGATORY NO. 5:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

*Failure to state a claim*.  WSOU has failed to state a claim upon which relief can be granted.  For example, and without limitation, WSOU has failed to state with specificity as to its basis as to its allegations regarding indirect infringement and infringement under the doctrine of equivalents.  WSOU's conclusory allegations are insufficient to satisfy the requisite burden to state a claim upon which relief can be granted.

*Insufficient Service of Process*.  For at least the reasons articulated in Defendant's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction and Defendant's Reply in Support of its Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction, both of which are incorporated herein, this case should be dismissed for insufficient service of process.

*Lack of Personal Jurisdiction*. For at least the reasons articulated in Defendant's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction and Defendant's Reply in Support of its Motion to Dismiss for Insufficient Service of Process and Lack of

Personal Jurisdiction, both of which are incorporated herein, this case should be dismissed for lack of personal jurisdiction.

     ***Patent Non-Infringement***.  For at least the reasons articulated in OnePlus's response to Interrogatory No. 4, incorporated here by reference, the Accused Products do not infringe the asserted claims of the Patent-in-suit.

     ***Patent Invalidity***.  For at least the reasons articulated in OnePlus's invalidity contentions and claim construction briefing, incorporated here by reference, the Patent-in-Suit is invalid and/or unpatentable.

     ***Patent Marking and Other Limitations on Damages***.  Discovery and Defendant's review and investigation are ongoing, and OnePlus reserves the right to amend and/or supplement its response with respect to this affirmative defense as necessary based on additional facts or information that may become available as discovery progresses.

     ***Estoppel, Equity, Unenforceability, Patent Misuse and Waiver Based on Standard-Setting Conduct***.  Discovery and Defendant's review and investigation are ongoing, and OnePlus reserves the right to amend and/or supplement its response with respect to this affirmative defense as necessary based on additional facts or information that may become available as discovery progresses.

     Upon information and belief, WSOU is barred from asserting the Patent-in-Suit under the equitable doctrine of patent misuse, equitable estoppel, and/or waiver.  Upon information and belief, the original assignee of the Patent-in-Suit is and was at all relevant times a member of the relevant standard-setting organization(s) ("SSO") including those relevant to this action, such as the 3rd Generation Partnership Project ("3GPP") and/or one or more Organizational Partners of the 3GPP.  Upon information and belief, based on OnePlus's current understanding

and interpretation of WSOU's allegations, the Patent-in-Suit has been asserted in this

Litigation in a manner such that it would be a Standard Essential Patent ("SEP") under various

3GPP standards.  Upon information and belief, the original assignee of the Patent-in-Suit was

a participating member of the SSO during the development of the purportedly patented

technology and during the development of the 3GPP standards at issue.  Upon information and

belief, the original assignee of the Patent-in-Suit was involved with setting standards, with the

standard-setting bodies, and with committees related to the subject matter of the Patent-in-Suit.

3GPP is an SSO responsible for, *inter alia,* cellular telecommunications

technologies, including radio access, core network and service capabilities, which provide

a complete system description for mobile telecommunications.  Under the 3GPP policies

and standards, when participants learn of patents or patent applications that might be

essential to standards, 3GPP members "should declare to their Organizational Partners any

IPRs [Intellectual Property Rights] which they believe to be essential, or potentially

essential, to any work being conducted within 3GPP"[1] and are required "to make licenses

available to all third parties, whether or not they are 3GPP Individual Members, under fair,

reasonable and non-discriminatory (FRAND) terms."[2]

To the extent OnePlus is found to have infringed any patent claim that by necessity

must be practiced in order for the product to be compliant with the cited standard(s) or

specification(s), or any other standard or specification in which any original or subsequent

assignee of the Patent-in-Suit participated in the drafting of, OnePlus has the irrevocable

right to a license on standard (reasonable) and nondiscriminatory terms.  By filing the

Complaint without making such a license available to OnePlus, WSOU has impermissibly

---

[1] https://www.3gpp.org/about-3gpp/legal-matters
[2] https://www.3gpp.org/contact/3gpp-faqs

misused the Patent-in-Suit.  WSOU's present claims are thus barred by the equitable

doctrines of patent misuse, equitable estoppel and/or waiver.

    To the extent that WSOU, through its infringement allegations in this Investigation,

is interpreting the Patent-in-Suit to cover standards or specifications promulgated by the

above SSO, governmental agencies, or other organizations, or any other standards or

specification in which WSOU, any original or subsequent assignee of the Patent-in-Suit, or

any other purported licensee of the Patent-in-Suit, WSOU's present claims are barred by the

equitable doctrines of patent misuse, equitable estoppel and/or waiver.

    Upon information and belief, based on WSOU's allegations, WSOU and/or its

predecessor(s) in interest has broken FRAND commitments and the 3GPP standard-setting

rules by asserting the Patent-in-Suit, which has been asserted in this action in a manner such

that it would be an essential patent the 3GPP standards.

    ***Prosecution History Estoppel***.  Based on admissions and/or statements made (a) to the

U.S. Patent and Trademark Office during prosecution of the Patent-in-Suit or related patent

applications, and (b) in the specifications of the Patent-in-Suit, WSOU cannot rely on the

doctrine of equivalents or advance constructions that were disclaimed during prosecution of the

patents or that are otherwise precluded by the doctrine of prosecution history estoppel and/or

disclaimer.  The prosecution history estoppel caused at least in part by Applicant's disclaimers,

admissions, statements, and/or representations to the USPTO are shown in at least the

prosecution history of each of Patent-in-Suit as well as Defendant's claim construction briefing.

    ***Other Defenses***.  Defendant reserves the supplement its Interrogatory Responses to assert

further defenses based on future discovery in the lawsuit.

**INTERROGATORY NO. 6:**

To the extent you contend that acceptable non-infringing alternatives exist for the subject matter claimed by the Patent-in-Suit, identify and describe in detail each alleged non-infringing alternative that you contend can be used as an alternative, including but not limited to:  (1) a description of each alleged non-infringing alternative; (2) a description of when and how each alleged non-infringing alternative was developed; (3) the identity of individuals involved in developing and/or most knowledgeable about each alleged non-infringing alternative (if applicable); (4) the dates when each alleged non-infringing alternative was incorporated in any Accused Product, Related Product, Related Service, or product or application identified in response to Interrogatory No. 1 (if applicable); (5) the costs associated with developing and implementing each alleged non-infringing alternative; and (6) the steps and the time required to develop and implement each alleged non-infringing alternative.

**RESPONSE TO INTERROGATORY NO. 6:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.  OnePlus objects to the terms "products," "Accused Products," "Related Products," and "Related Services" as vague, ambiguous, overbroad, and unduly burdensome because they include products or services not relevant to this case.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

OnePlus's current products, including but not limited to the Accused Products, are non-infringing products.  As such, OnePlus's current products, including but not limited to the Accused Products are non-infringing alternatives to the purportedly patented technology.  The person(s) most knowledgeable regarding the operation of the Accused Products are identified in OnePlus's initial disclosures.  OnePlus's investigation and review of the facts and allegations in this case are still ongoing, and OnePlus reserves the right to amend, supplement, or otherwise alter non-infringing alternatives to the purportedly patented technology.

**INTERROGATORY NO. 7:**

Separately, for each Accused Product, Related Product, Related Service, and each product and application identified in response to Interrogatory No. 1, state your actual or projected U.S. monthly (or quarterly if monthly does not exist, or annual if neither monthly nor quarterly exist) sales volume, revenue, gross profits, net profits, and costs (including costs of sales) generated from six years before the filing of this litigation through the expiration of the patent.

**RESPONSE TO INTERROGATORY NO. 7:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.  OnePlus objects to the terms "products," "Accused Products," "Related Products," and "Related Services" as vague, ambiguous, overbroad, and unduly burdensome because they include products or services not relevant to this case.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

OnePlus Technology (Shenzhen) Co., Ltd., the only named defendant in this litigation, has no actual or projected U.S. sales of the Accused Products.

**INTERROGATORY NO. 8:**

Separately, for each Accused Product, Related Product, Related Service, and each product and application identified in response to Interrogatory No. 1, identify the earliest date each was developed, and the date each was (1) sold, (2) offered for sale, or (3) otherwise made available to consumers and/or Partners by you.

**RESPONSE TO INTERROGATORY NO. 8:**

OnePlus incorporates by reference its General Statements, General Objections, and Objections to Instructions and Definitions as if fully set forth herein. OnePlus objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.  OnePlus further objects to this interrogatory as requesting information that is not relevant to any claim or defense in this Litigation, for example by requesting information regarding product information and sales occurring outside the United States. OnePlus objects to the terms "products," "Accused Products," "Related Products," and "Related Services" as vague, ambiguous, overbroad, and unduly burdensome because they include products or services not relevant to this case.

Subject to and without waiving the foregoing objections, OnePlus responds as follows:

The information requested by this Interrogatory is duplicative of the information requested by Interrogatory No. 1, the objections and response to which is incorporated herein.

Dated: November 10, 2021            /s/ Michael J. Lyons
                                    Michael J. Lyons*
                                    California Bar No. 202284
                                    michael.lyons@morganlewis.com
                                    Ahren C. Hsu-Hoffman
                                    Texas Bar No. 24053269
                                    Ahren.hsu-hoffman@morganlewis.com
                                    Jacob J.O. Minne*
                                    California Bar No. 294570
                                    jacob.minne@morganlewis.com
                                    Austin L. Zuck*
                                    California Bar No. 318434
                                    austin.zuck@morganlewis.com
                                    **MORGAN, LEWIS & BOCKIUS LLP**
                                    1400 Page Mill Road
                                    Palo Alto, CA 94304
                                    T: 650.843.4000
                                    F: 650.843.4001

                                    Elizabeth M. Chiaviello
                                    Texas Bar. No. 24088913
                                    elizabeth.chiaviello@morganlewis.com
                                    **MORGAN, LEWIS & BOCKIUS LLP**
                                    1717 Main Street, Suite 3200
                                    Dallas, TX 75201
                                    T: 214.466.4000
                                    F: 214.466.4001

                                    *Admitted *pro hac vice*

                                    ***Attorneys for Defendant OnePlus
                                    Technology (Shenzhen) Co. Ltd.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on November 10, 2021, a true and correct copy of the foregoing document was served via electronic mail on counsel of record per Local Rule CV-5.

*/s/ Michael J. Lyons*
Michael J. Lyons
