# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § § § § § § § § § § § | Civil Action No. 6:20-00952-ADA <br> Civil Action No. 6:20-00953-ADA <br> Civil Action No. 6:20-00956-ADA <br> Civil Action No. 6:20-00957-ADA <br> Civil Action No. 6:20-00958-ADA |
| *Plaintiff* | | |
| v. | | |
| **ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.** | | |
| *Defendant*. | | |

## DEFENDANT ONEPLUS'S REPLY TO
## PLAINTIFF WSOU'S OPPOSITION TO ONEPLUS'S MOTION TO STRIKE
## PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. The Parties Agreed Extension for Final Infringement Contentions is Not an Excuse to Provide Deficient Preliminary Contentions. ..................................... 2

    B. WSOU's Amended Preliminary Infringement Contentions do Not Sufficiently Show Why WSOU's Single Chart is Representative of All Uncharted Products ................................................................................................ 3

    C. WSOU's Recent Attempt to Add Previously Unaccused Products Without Explanation or Reason Demonstrates WSOU's Gamesmanship and Confirms Why the Court Should Strike WSOU's Deficient Contentions ............. 5

    D. WSOU's Opposition Confirms OnePlus's Complaints – WSOU Refuses to Fairly Give OnePlus Notice of WSOU's Infringement Theories .......................... 6

    E. WSOU Admits it has No Basis to Assert Infringement Under Indirect and Doctrine of Equivalents Theories ............................................................................ 9

    F. The Parties Met and Conferred in Good Faith ....................................................... 9

III. CONCLUSION .................................................................................................................. 10

I.      INTRODUCTION

The opposition confirms that WSOU is refusing to provide fair, sufficient, and particular notice of its infringement allegations. Indeed, WSOU persists in its refusal even to provide a claim chart for each of the accused products.

WSOU suggests that the single chart it provided per patent is somehow representative of all the Uncharted Accused Products, but WSOU has not provided notice of why it contends this is the case. The only plausible theory advanced by WSOU is its apparent contention that its infringement charts are representative because WSOU erroneously believes that the Asserted Patents read on the cited standards themselves. But WSOU's Opposition refuses even to confirm whether it contends that the asserted patents are standards essential, further obscuring its infringement theories. Worse yet, WSOU asserts that it has no intention of revealing whether WSOU contends the patents are in fact standards essential before serving its expert reports—which are currently scheduled to be served on July 1, 2022, over six months from now. *See* Dkt. No. 67, -952 case (WSOU's Opposition) at 3 ("WSOU, however, is under no obligation to admit or confirm that the patents-in-suit are standard essential, this is an issue for expert reports.").

WSOU suggestion that this motion is improper because WSOU's deadline for final infringement contentions has not yet passed is a red herring. *See* Opp. at 1, 5. This motion addresses WSOU's *amended* infringement contentions, which WSOU served in response to the same deficiencies previously raised by OnePlus. WSOU suggests that it has no obligations to comply with this Court's local rule obligation to provide initial infringement contentions because WSOU can simply provide the missing information later. This is unfair and prejudicial to OnePlus. OnePlus is entitled to a chart showing WSOU's infringement contentions for each accused product and WSOU cannot simply ignore these obligations by vaguely invoking its intention to do a better job once its serves its final contentions.

1

Further, WSOU's opposition offers no assurances that it will fully address these deficiencies the second time around, through its final infringement contentions. If anything, as just noted, WSOU's opposition confirms the opposite—that WSOU will keep secret the full scope of its infringement contentions and whether the patents are standards essential until expert discovery. This prejudices OnePlus for all the reasons presented in the Opening Motion and below.

WSOU's Opposition also confirms that WSOU does not have a good faith basis to assert indirect infringement or infringement under the doctrine of equivalents.

The Court should strike WSOU's boilerplate and deficient contentions for all five cases, as identified below and in OnePlus's Motion, and preclude WSOU from pursuing its undisclosed theories.

## II.   ARGUMENT

### A.   The Parties Agreed Extension for Final Infringement Contentions is Not an Excuse to Provide Deficient Preliminary Contentions

WSOU incorrectly asserts that OnePlus's motion "undo[es]" the parties' agreement to extend the deadline for final infringement and invalidity contentions and restricts WSOU's ability to serve final infringement contentions. Opp. at 1. This is wrong.

OnePlus's Motion (Dkt. 62, -952 case) requests that the Court strike WSOU's contentions as to the Uncharted Accused Products and boilerplate indirect and doctrine of equivalents contentions. *See* Mot. at 4 (identifying Uncharted Accused Products). WSOU can still provide final contentions for all of the theories that are not struck.

The parties' agreement to extend final contention deadlines (Dkt. 68, -952 case) does not relieve WSOU of its burden to provide OnePlus with adequate notice of WSOU's infringement theories. As demonstrated in OnePlus's Motion (Mot. at 7-12), WSOU's refusal to give OnePlus

2

fair notice of WSOU's infringement theories—for example whether WSOU contends that the asserted patents are standards essential, and, if not, why a single infringement chart is representative of the Uncharted Accused Products—is impermissible and severely prejudices OnePlus.  The only clarity WSOU has given to OnePlus is that WSOU will keep OnePlus in the dark regarding its infringement theories until, at the earliest, its infringement expert report that is currently due on July 1, 2022 (over 6 months from now).

The parties mutual extension of final contentions did not relieve WSOU of its obligation to provide reasonable notice of its infringement theories.

### B. WSOU's Amended Preliminary Infringement Contentions do Not Sufficiently Show Why WSOU's Single Chart is Representative of All Uncharted Products

WSOU's amended infringement contentions do not "explain why WSOU contends the charts WSOU provided are representative of all of the products."  Opp. at 2.  Specifically, the Opposition discusses the -957 and -958 cases[1] but does not actually address the substance of the deficiencies identified by OnePlus.

For the -957 case, WSOU states that it "amended its contentions to provide citations to public source code that compares the various products along with a hyperlink that directs OnePlus to the relevant information."[2]  Opp. at 2.  Even if a link to the cited source code was provided, that would not cure the deficiencies with respect to the -957 case.  As explained in OnePlus's opening Motion, WSOU has pasted in screenshots for three groups of phones—the (1)

---

[1] WSOU's Opposition purports to discuss the -953 case (Opp. at p. 2-3), but the exhibits cited (Exs. 18 and 19) reference the -957 and -958 cases and do not otherwise cite to material from or explain any theories relevant to the -953 case.  In any event, defects persist in in the contentions for all five cases.

[2] OnePlus notes that the text reciting "Source" in the table presented on page 2 of WSOU's Opposition is not hyperlinked to any source in the document WSOU provided to OnePlus.

3

"OnePlus 7 Pro," (2) "OnePlus 8, 8 Pro, 8T," and (3) "OnePlus 9, 9 Pro"—without any explanation or analysis as to what these screenshots are showing or how they indicate a relationship between the products or product groups. Mot. at 11-12. There is no "compar[ison]" (as WSOU alleges) of the source code, products, or otherwise. WSOU's infringement contentions include nothing more than source code purportedly for different phones pasted into tables in the same document. *See* Ex. 18. This falls far short from satisfying WSOU's burden to demonstrate why its single infringement claim chart is representative of its contentions with respect to at least five (5) other products, which WSOU itself suggests are broken into different product groups and have different source code that is relevant to its infringement analysis.

For the -958 case, WSOU's states that "the same processor or company that provides the processor is evidence that the same functionality is used across the [OnePlus 8 and OnePlus 8 Pro]." Opp. at 3. But as OnePlus explained in the Motion:

> "WSOU's infringement contentions rely on the OnePlus 8's 'X55 Dual Mode 5G technology.' This 'Dual Mode' (*e.g.*, faster 'mmWave' 5G) is a feature only found on certain Verizon models of the OnePlus 8, and not in the OnePlus 8 Pro."

Mot. at 10-11 (citing Lyons Decl., Ex. 12 at 4 (claim chart Fig. 2), Ex. 14 at 6 (claim chart Fig. 3)[3]). WSOU's Opposition does not contest this.

As such, the only information presented by the parties analyzing whether phones (here the OnePlus 8 and 8 Pro) with the same processor automatically operate in the same way for purposes relevant to the alleged infringement, is OnePlus's unrebutted identification of facts suggesting that the accused functionality is ***not*** available in both phones.

---

[3] *See also* https://www.talkandroid.com/351723-verizon-mmwave-oneplus-8/ (noting "a Verizon-exclusive mmWave variant of the One Plus 8").

For the -952, -953, and -956 cases, WSOU does not contest that its infringement contentions do not show why WSOU's single infringement contention chart is representative of all other Uncharted Accused Products, as demonstrated in OnePlus's Motion (at 7-11). WSOU's failure even to mount a defense for three of the asserted patents is powerful evidence that striking is the appropriate remedy.

    **C.**    **WSOU's Recent Attempt to Add Previously Unaccused Products Without Explanation or Reason Demonstrates WSOU's Gamesmanship and Confirms Why the Court Should Strike WSOU's Deficient Contentions**

Compounding the problems raised in OnePlus's Motion and validating OnePlus's fears that WSOU is hiding its infringement theories, WSOU emailed OnePlus on December 21, 2021—the day before WSOU filed its Opposition to OnePlus's Motion to Strike—identifying numerous OnePlus products that it was seeking to add as accused products to these cases. Before WSOU's email, these additional products had never been identified as accused products in WSOU's infringement contentions for the respective patents.[4] WSOU has not attempted to amend, or indicated that it will seek to amend, its infringement contentions to include these additional products. WSOU has not indicated that it will explain why WSOU's single infringement claim chart is representative of these newly accused products. WSOU has also not identified any reasonable efforts or reason as to why these additional products are now

---

[4] On December 21, 2021, WSOU identified numerous additional products as allegedly accused products, but these products have never been identified as accused products for the respective patents in any previous infringement contention. WSOU's attempt to add accused products—through email correspondence and without explanation—included: ***fifteen (15) additional products*** for the -952/'776 Pat case; ***thirteen (13) additional products*** for the -953/'614 Pat. case; ***eight (8) additional products*** for the -956/'876 Pat. case; ***three (3) additional products*** for the -957/'708 Pat. case; and ***five (5) additional products*** for the -958/'746 Pat. case.

Moreover, of these added products, at least twelve (12) of these additional products are completely new to the case and have not ever been identified in connection with this litigation until December 21, 2021.

purportedly within the scope of these cases, as required by the Order Governing Proceedings. *See* Dkt. No. 48 (-952 case) at 8 n.7 (allowing amendment of contentions only when the party "undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served"). WSOU has not indicated that there was any "material identified after" WSOU served its amended infringement contentions to justify its attempt to add accused products.

WSOU has demonstrated a pattern: provide a single claim chart and attempt to add accused products at any time, through any means, and with no explanation. This places OnePlus in an untenable position and the Court should not reward WSOU for failing to satisfy its burden with respect to its initial and amended contentions and for identifying OnePlus products as purportedly infringing the asserted patents without providing a sufficient (let alone any) reason. WSOU's actions further demonstrate why this Court must hold WSOU to a reasonable standard requiring a plaintiff to provide a defendant accused of patent infringement with reasonable notice of the plaintiff's infringement allegations and the reasons therefore.

### D. WSOU's Opposition Confirms OnePlus's Complaints – WSOU Refuses to Fairly Give OnePlus Notice of WSOU's Infringement Theories

WSOU states that it "is under no obligation to admit or confirm that the patents-in-suit are standard essential, this is an issue for expert reports."[5] Opp. at 3. WSOU therefore confirms

---

[5] Elsewhere in its Opposition, WSOU states that OnePlus's requests for a simple and fair disclosure of WSOU's infringement positions constitutes "analysis [that] is not required in WSOU's preliminary infringement contentions and is improper" (Opp. at 4), potentially indicating that such an analysis might be provided in WSOU's final contentions (*see also* Opp. at 1, 5). But WSOU makes clear that it does not intend to provide a reasonable disclosure regarding its position on whether the patents are standards essential patents (or any other of its infringement positions) in its final infringement contentions because WSOU believes a reasonable disclosure of its infringement positions is only required in expert reports.

that it is flatly refusing to provide OnePlus with its infringement theories.[6]  While OnePlus agrees that an additional level of detail may be appropriate for expert reports, WSOU still has a duty to identify with sufficient particularity why the accused products purportedly infringe the asserted claims.

OnePlus's desire to understand whether a patent is being asserted as a standard essential patent is ***not*** a question reserved for expert discovery.  OnePlus simply seeks information regarding whether WSOU is alleging that the accused products purportedly infringe the asserted patents because the accused products allegedly practice the standards identified in WSOU's infringement contentions.  If so, WSOU's allegations would indicate that WSOU contends that the asserted patents are standards essential—*i.e.*, any device practicing the cited standard(s) would necessarily infringe the asserted patent and therefore the patents are "essential" to practicing the standard.[7]  And, if the patents are not standards essential, whether there is something unique about the OnePlus phones, chipsets, operating systems, implementations, or

---

[6] On December 27, 2021, WSOU provided its objections and responses to OnePlus's Requests for Admission, Requests for Production, and Interrogatories specifically directed to the question of whether WSOU contends that the asserted patents are standards essential patents.  Similar to WSOU's Opposition, WSOU's discovery responses refused to provide an answer or explanation as to its position and again stated that this was an issue on which they could withhold their contention from OnePlus until expert reports.

[7] WSOU's infringement contentions cite to standards from the European Telecommunications Standards Institute (ETSI), which is a member of the 3GPP.  The ETSI provides a definition of what makes a patent (or Intellectual Property Right ("IPR")) essential.  *See, e.g.*, ETSI Standard's Directives and Rules of Procedure, *Annex 6: ETSI Intellectual Property Rights Policy*, (April 14, 2021), available at https://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf ("'ESSENTIAL' as applied to IPR [Intellectual Property Rights] means that it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR. For the avoidance of doubt in exceptional cases where a STANDARD can only be implemented by technical solutions, all of which are infringements of IPRs, all such IPRs shall be considered ESSENTIAL.").

otherwise that—aside from the allegation that the accused products allegedly practice the identified standards—forms the basis for WSOU's allegation that a single chart for a single accused product is equally applicable to the Uncharted Accused Products.

Whether WSOU is alleging that the asserted patents are standard essential is not an issue for expert reports, as WSOU incorrectly suggests. This is the type of disclosure designed to be revealed in infringement contentions. OnePlus will be severely prejudiced if WSOU is allowed to wait until expert reports are due (July 1, 2022) to give OnePlus notice of its infringement theories. Indeed, the manner in which WSOU asserts its patents affects the discovery OnePlus may need to seek. For example, if the patents are being asserted as standards essential patents, OnePlus may need to seek third party discovery related to WSOU's (or those third parties') disclosure requirements related to the applicable standards-setting bodies (*e.g.*, ETSI, 3GPP, etc.), the parties' discussions concerning the asserted patents or claimed technology, the parties' obligations to license the asserted patents according to Fair Reasonable and Non-Discriminatory (FRAND) terms, and to seek relevant documents related to these same or additional topics. If WSOU is permitted to skirt its duty to inform OnePlus about WSOU's infringement allegations regarding numerous patent claims until expert reports (when fact discovery will be closed), OnePlus cannot pursue the fact discovery potentially needed to defend its case.

Finally, the Court should ignore WSOU's misguided attempt to frame OnePlus's identification of WSOU's infringement contention deficiencies as purportedly "rais[ing] numerous non-infringement positions." Opp. at 4. OnePlus's reasons to strike WSOU's infringement contentions are not "non-infringement positions." OnePlus's Motion and this Reply identify serious deficiencies as to where WSOU failed to satisfy its burden with respect to

its infringement contents and why these failures severely prejudice OnePlus's ability to defend and prosecute its case.

### E. WSOU Admits it has No Basis to Assert Infringement Under Indirect and Doctrine of Equivalents Theories

WSOU's Opposition admits that WSOU lacks a sufficient basis to allege indirect infringement and/or infringement under the doctrine of equivalents. Opp. at 4. WSOU identifies its failure to investigate the proper parties (*e.g.*, OnePlus USA Corp.) as its justification for why WSOU has failed to satisfy its burden for these infringement theories. *Id.* at 4-5. But WSOU cannot continue on with infringement theories for which it has admitted that it has an insufficient factual or legal basis. The Court should strike these admittedly unsupported assertions regarding indirect infringement and infringement under the doctrine of equivalents. *See* Mot. at 12-16.

### F. The Parties Met and Conferred in Good Faith

WSOU disingenuously asserts that the parties did not meet and confer in good faith in advance of OnePlus's filing of its Motion to Strike. OnePlus's concerns with WSOU's infringement contentions have been long-standing and well known by the parties and the Court. After WSOU served its amended infringement contentions, OnePlus alerted OnePlus that the amended contentions were still deficient. *See* Ex. 20. During a meet and confer, OnePlus requested that WSOU confirm whether WSOU was asserting its patents as standards essential patents. WSOU refused to provide its position. WSOU was on notice of OnePlus's intention to file a Motion to Strike WSOU's infringement contentions and was well aware of the alleged deficiencies. Indeed, WSOU's responsive November 10, 2021 email acknowledged that WSOU understood that OnePlus intended to file a motion to strike and WSOU did not indicate that OnePlus's filing of such a motion would somehow constitute a failure to meet and confer in good faith. *See* Ex. 20 at 2 ("[WSOU] reserve[s] our rights to respond to your motion to strike

9

accordingly."). The parties met and conferred in good faith and WSOU's statements to the contrary are incorrect and misleading.

## III. CONCLUSION

For the reasons provided in OnePlus's Motion and above, the following portions of WSOU's contentions should be struck (*see* Dkt. No. 62-1, -952 case (proposed order)):

For all cases, WSOU's allegations of indirect infringement and infringement under the doctrine of equivalents should struck from WSOU's amended infringement contentions with prejudice; and

For the -952, -953, -956, and -958 cases, WSOU's contentions as to the Uncharted Accused Products should be struck from WSOU's amended infringement contentions with prejudice unless within seven days from the date of this order WSOU confirms that it alleges that the asserted patents are standard essential patents; and

For the -957 case, WSOU's contentions as to the Uncharted Accused Products should be struck from WSOU's amended infringement contentions with prejudice.

Dated: December 29, 2021

/s/ *Michael J. Lyons*
Michael J. Lyons*
California Bar No. 202284
michael.lyons@morganlewis.com
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
Ahren.hsu-hoffman@morganlewis.com
Jacob J.O. Minne*
California Bar No. 294570
jacob.minne@morganlewis.com
Austin L. Zuck*
California Bar No. 318434
austin.zuck@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
T: 650.843.4000

F: 650.843.4001

Elizabeth M. Chiaviello
Texas Bar. No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001

*Admitted *pro hac vice*

***Attorneys for Defendant OnePlus
Technology (Shenzhen) Co. Ltd.***

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 29, 2021, a true and correct copy of the foregoing document was served via electronic mail on counsel of record per Local Rule CV-5.

*/s/ Michael J. Lyons*
Michael J. Lyons
