PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **Civil Action No. 6:20-00952-ADA** |
| **BRAZOS LICENSING AND** | § | **Civil Action No. 6:20-00953-ADA** |
| **DEVELOPMENT,** | § | **Civil Action No. 6:20-00956-ADA** |
| | § | **Civil Action No. 6:20-00957-ADA** |
| *Plaintiff,* | § | **Civil Action No. 6:20-00958-ADA** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ONEPLUS TECHNOLOGY (SHENZHEN)** | § | |
| **CO., LTD.,** | § | **PUBLIC VERSION** |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO STRIKE PLAINTIFF'S FINAL INFRINGEMENT CONTENTIONS

PUBLIC VERSION

## **TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ................................................................................................. 1

II.  BACKGROUND ................................................................................................. 2

III.  ARGUMENT ...................................................................................................... 3

    A.  Legal Standard .......................................................................................... 3

    B.  OnePlus's Motion Is An Attempt To Litigate Substantive Issues Under The Guise Of A Motion To Strike And Is Untimely. ............................... 5

    C.  Brazos' Infringement Contentions Provide Fair Notice Of Indirect Infringement.............................................................................................. 6

        1.  Brazos' Infringement Contentions Provide Fair Notice of Induced Infringement Claim.................................................................. 7

        2.  Brazos' Infringement Contentions Provide Fair Notice of Contributory Infringement Claim. ............................................... 9

        3.  Brazos' Infringement Contentions Provide Fair Notice of Its Doctrine Of Equivalents Infringement Theories...................................... 11

    D.  Brazos Should Be Granted Leave To Amend Its Final Infringement Contentions. ........................................................................................... 13

IV.  CONCLUSION................................................................................................. 15

PUBLIC VERSION

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ..........................................................................5

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................5

*BillJCo, LLC v. Apple Inc.*,
No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022)...........6, 7

*BillJCo, LLC v. Cisco Sys., Inc.*,
No. 2:21-CV-00181-JRG, 2021 WL 6618529 (E.D. Tex. Nov. 30, 2021)..........6, 8

*Blue Spike, LLC v. Texas Instruments, Inc.*,
No. 6:12-CV-499, 2015 WL 11199194 (E.D. Tex. Jan. 12, 2015) ............3, 4, 9, 13

*Comput. Acceleration Corp. v. Microsoft Corp.*,
503 F. Supp. 2d 819 (E.D. Tex. Aug. 24, 2007) .....................................................3

*Creagri, Inc. v. Pinnaclife Inc., LLC*,
No. 11-CV-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) .........8

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
No. 6:15-CV-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) .............3, 4, 13

H-W Tech., L.C. v. Apple, Inc.,
No. 3:11-CV-651-G, 2012 WL 3650597 (N.D. Tex. Aug. 2, 2012) ........................4

*Hewlett-Packard Co. v. Mustek Sys., Inc.*,
340 F.3d 1314 (Fed. Cir. 2003).......................................................................12, 13

*Innovation Scis., LLC v. Amazon.com, Inc.*,
No. 4:18-CV-474, 2020 WL 4201862 (E.D. Tex. July 22, 2020) ....................11, 12

*Intell. Ventures I LLC v. AT&T Mobility LLC*,
No. CV 13-1668-LPS, 2017 WL 658469 (D. Del. Feb. 14, 2017).........................5

*Linex Techs. Inc. v. Belkin Int'l, Inc.*,
628 F. Supp. 2d 703 (E.D. Tex. 2008).....................................................................4

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
No. 11-CV-5341 YGR, 2014 WL 2854773 (N.D. Cal. June 20, 2014) .................12

PUBLIC VERSION

*Motion Games, LLC v. Nintendo Co.*,
   No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448 (E.D. Tex. Apr. 16, 2015) ....................4, 5

*Motiva Pats., LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019) ......................................................................................8

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)................................................................................................9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...............................8

*Realtime Data, LLC v. Packeteer, Inc.*,
   Cause No. 6:08-CV-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ................................4

*WI-LAN INC., Plaintiff, v. VIZIO, INC., Defendant.*,
   No. 15-CV-788, 2018 WL 669730 (D. Del. Jan. 26, 2018).....................................................4

**Statutes**

35 U.S.C. § 271(c) ............................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................5

PUBLIC VERSION

## I.   INTRODUCTION

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") hereby opposes Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") Renewed Motion to Strike Plaintiff's Final Infringement Contentions (C.A. No. 6:20-952, Dkt. 96; "Motion" or "Mot.").[1]

Yet again, OnePlus seeks an extreme sanction against Brazos in the form of a motion to strike all of Brazos' indirect infringement claims and its doctrine of equivalents theories.   The Court should deny this motion.   Brazos's infringement contentions are more than sufficient to put OnePlus on notice of Brazos's infringement theories.   The final contentions provided significant updates to address Source Code from third-party Qualcomm.   This information was obtained after numerous trips to review Qualcomm's source code after weeks of review.

The Motion was filed without a meet-and-confer and without ever putting Brazos on notice of any additional alleged deficiencies.   Additionally, OnePlus' Motion was filed months after Brazos served updated final contentions, despite OnePlus's assertions that Brazos made no significant changes to its contentions with respect to the claims and theories that OnePlus now requests that the Court strike.   Brazos faces what is in essence a disguised summary judgment motion despite the fact that Brazos is only required to provide OnePlus with notice of its infringement theories, not an expert report.

Accordingly, OnePlus's motion to strike should be denied.

---

[1] Submitted herewith and relied upon in opposition to OnePlus's Renewed Motion to Strike is the Declaration of Jonathan K. Waldrop, dated July 15, 2022 ("Waldrop Declaration" or "Waldrop Decl."). "Ex." refers to exhibits attached to the Waldrop Declaration.  All docket cites are to the -952 case unless otherwise noted.

## II.    BACKGROUND

As noted above, this is not the first time OnePlus has attempted to convince the Court to strike Brazos' infringement contentions.  In November 2021, OnePlus moved to strike Brazos' amended infringement contentions, asserting various deficiencies, even though the deadline for Brazos to serve its final infringement contentions had not occurred and OnePlus was taking the position that discovery regarding the accused functionality was in the possession, custody, control of third-party Qualcomm.  OnePlus filed this initial motion after Brazos served deposition notices, but before OnePlus provided its representatives for depositions.  (Ex. K.)  At that time, OnePlus cited the COVID-19 pandemic and visa issues as reasons why the depositions could not take place by the November 15 date Brazos had noticed.  (*Id.*)  Only a few weeks later, on November 21, 2021, OnePlus filed its motion to strike Brazos' amended infringement contentions.  (Dkt. No. 62.)

The Court ruled on OnePlus's motion to strike on January 18, 2022.  In its order, the Court directed certain clarifications in Brazos' final infringement contentions.  Specifically, it asked Brazos to more fully explain why charted products were representative  (-952, -953, -956, and -958 cases) and to make limited clarifications in the -957 cases.  (Dkt. No. 77 at 4.)  For all cases, the Court ordered Brazos to provide greater detail for its direct infringement theories.  (*Id.* at 5-6.)  Regarding Brazos' indirect infringement and doctrine of equivalents contentions, the Court simply stated that it agreed with OnePlus's characterizations that the contentions were not sufficient, but nevertheless denied OnePlus's motion.  (*Id.* at 6.)

The Court extended Brazos' deadline to serve its final infringement contentions to March 31, 2022.  (Dkt. No. 84.)  Brazos served its final infringement contentions as ordered on March

31, 2022.[2]   In early May 2022, the parties agreed to an amended scheduling order, moving the close of fact discovery from May 16, 2022 to July 20, 2022.  (Dkt. No. 85.)  This amended schedule was necessary in light of the repeated need to push back depositions of OnePlus's witnesses.  (Exs. K, L, M.)  As of the date of this brief, these depositions, first noticed in October 2021, have still not taken place, despite the close of fact discovery next week.  On July 13, OnePlus again postponed OnePlus 30(b)(6) depositions, again, citing COVID.  (Ex. M.)

OnePlus filed this Motion as a "renewed" motion, despite being directed to significantly updated contentions and despite not making its witnesses available for deposition for close to a year.  The Court should not allow OnePlus to continue to improperly challenge to Brazos's infringement contentions while OnePlus fails to provide discovery at the close of fact discovery.

## III.   ARGUMENT

### A.   Legal Standard

"Deciding whether infringement contentions should be struck is similar to deciding whether evidence should be excluded for discovery violations."  *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. Aug. 24, 2007).  Striking infringement contentions is an extreme decision comparable to determining "whether evidence should be excluded for discovery violations."  *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016) (quoting *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822); *see also Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-CV-499, 2015 WL 11199194, at *2 (E.D. Tex. Jan. 12, 2015) (striking infringement contentions is a "drastic decision"). It is a request so severe that when a plaintiff timely provides infringement contentions

---

[2] Brazos' final infringement contentions and the exhibits thereto are filed with this brief and the Waldrop Declaration as Exhibits A-J.

PUBLIC VERSION

and "attempts to address any deficiencies through supplemental infringement contentions," granting a motion to strike "would amount to a death-penalty sanction." *H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-CV-651-G, 2012 WL 3650597, at *19 (N.D. Tex. Aug. 2, 2012), *report and recommendation adopted sub nom. H-W Tech., L.C. v. Amazon.com, Inc.*, No. 3:11-CV-0651-G BH, 2012 WL 3656293 (N.D. Tex. Aug. 27, 2012).   Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice.   *Eolas Techs.*, 2016 WL 7666160, at *1.

Importantly, "[i]nfringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim." *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015) (citing *Linex Techs. Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 713 (E.D. Tex. 2008)); *see also WI-LAN INC., Plaintiff, v. VIZIO, INC., Defendant.*, No. 15-CV-788, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018) (infringement contentions "serve the purpose of providing notice to Defendants of Plaintiff's infringement theories beyond that which is provided by the mere language of the patent").   Indeed, infringement contentions are not even intended to require a party "to set forth a facie case of infringement and evidence in support thereof." *Eolas Techs.*, 2016 WL 7666160 at *1 (quoting *Realtime Data, LLC v. Packeteer, Inc.*, Cause No. 6:08-CV-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009)).   While "contentions must be reasonably precise and detailed," plaintiffs do not need to provide "the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Blue Spike*, 2015 WL 11199194, at *2.

**B.    OnePlus's Motion Is An Attempt To Litigate Substantive Issues Under The Guise Of A Motion To Strike And Is Untimely.**

There is no dispute that motions to strike infringement contentions are not intended to serve as a substitute for dispositive motions.  *See Motion Games,* 2015 WL 1774448, at *2 (contentions "not intended to act as a forum for argument about the substantive issues" but rather to provide notice of infringement theories).  Yet that is entirely the focus of OnePlus's Motion.

OnePlus begins the argument section of the Motion with a statement of the law that would fit perfectly in a Rule 12(b)(6) motion to dismiss, citing to multiple cases regarding pleading standards for induced and contributory infringement.  Mot. at 5-6 (citing *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014)).  But that is a motion that OnePlus chose not to make in this case, and OnePlus itself states in its Motion that infringement contentions are required to provide notice of infringement theories "beyond the mere language of the patent claim."  Mot. at 5 (citing *Intell. Ventures I LLC v. AT&T Mobility LLC*, No. CV 13-1668-LPS, 2017 WL 658469, at *2 (D. Del. Feb. 14, 2017)).  And there is no question that Brazos' Infringement Contentions meet this requirement.

Additionally, OnePlus's Motion is untimely in light of the progression of discovery in this case (or lack thereof).  In Brazos' opposition to OnePlus's prior motion to strike an earlier version of Brazos' infringement contentions, Brazos explained that OnePlus had agreed to extend the deadline for final infringement contentions.  Brazos had asked for this extension because of delays in scheduling depositions of OnePlus witnesses.  (Dkt. No. 67 at 2.)  Brazos served its final infringement contentions on March 31, 2022.  In its Motion, OnePlus claims that Brazos' final infringement contentions "recite the same boilerplate language" as the contentions it previously moved to strike.  Mot. at 9.  This is clearly incorrect.  But worse, OnePlus waited nearly three

months after service of the final infringement contentions to file the Motion, then claims that it would be "unduly prejudice[d]" in the event that Brazos is given leave to further amend its contentions. Mot. at 18. At the same time, only days before the present response was due, OnePlus notified Brazos that it needs to push off depositions that have been outstanding since October 2021, citing COVID and a request to meet regarding "associated changes to the schedule." (Ex. M.)

### C. Brazos' Infringement Contentions Provide Fair Notice Of Indirect Infringement.

Contrary to OnePlus's assertions in its Motion, Brazos' contentions provide fair notice of its indirect infringement theories. As an initial matter, OnePlus's arguments regarding pre-suit knowledge are simply incorrect based on the current state of the law in this district. Earlier this year, this Court held that pre-suit knowledge is not required for indirect infringement claims. With respect to post-suit willful infringement, the Court stated that "[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct," and explained that this approach is consistent with Federal Circuit precedent. *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *5 (W.D. Tex. Feb. 1, 2022). Based on the same reasoning, the Court rejected the defendant's argument that the plaintiff was required to plead pre-suit knowledge of the asserted patents to state a claim for induced infringement. *Id.* at *7. Another district court in the Eastern District of Texas reached the same conclusion. *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021) ("[T]he Complaint alleges that 'Defendants [were] aware of the Patents-in-Suit, at least as of the filing of this lawsuit, and know or should have known' that their acts constituted infringement . . . [and] therefore provides Defendants the requisite notice of the Asserted Patents to support a claim of

indirect infringement at least as of the time the Complaint was filed.").  Accordingly, OnePlus's

primary basis for striking Brazos' indirect infringement contentions fails.[3]

>   **1.    Brazos' Infringement Contentions Provide Fair Notice of Induced
>          Infringement Claim.**

In  Brazos'  contentions,  Brazos  clearly  outlines  how  OnePlus  has  actively  induced

infringement.  As just one example, Brazos explains the actions taken by Qualcomm as a result of

OnePlus's inducement:

> For example, Qualcomm provides OnePlus with technical materials
> and design documents related to the technology that is loaded onto
> the OnePlus devices. On information and belief, Qualcomm also
> provided OnePlus with an executable file to load the Qualcomm
> technology including software and firmware onto the products.
> OnePlus is responsible for the decision to load the Qualcomm
> technology onto the accused devices and other source code
> containing the infringing technology. OnePlus has not identified any
> non-infringing alternatives in its written discovery. *See* Response to
> Interrogatory No. 6. OnePlus appears to admit the Asserted Patents
> are necessary for the use of the Accused Functionality through its
> licensing defense.

(Ex. A at 6-7.)  Thus, OnePlus gave clear direction to Qualcomm regarding infringement of the

asserted patents, infringement that was necessary for the functionality of the accused devices.

Brazos explains provides specific examples of information that OnePlus is aware of including

software loaded onto the products.  Brazos further explains that OnePlus has induced infringement

by customers and partners through its instructions, manuals, and websites (including its own and

those of subsidiaries).  (*Id.* at 7-8.)  It is unclear what further information OnePlus would need to

---

[3] If the Court does determine that pre-suit knowledge is required here, Brazos should at minimum
be allowed to amend its contentions for its indirect infringement claims after it has been able to
depose OnePlus's witnesses, given that this Court has recognized that "it may be impossible for
[plaintiff] to allege any pre-suit knowledge without the benefit of fact discovery."  *BillJCo, LLC
v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *9 (W.D. Tex. Feb. 1, 2022).

be able to adequately develop its defense to Brazos' induced infringement claim. But in any case, Brazos has not had the change to put these documents before OnePlus witnesses.

OnePlus's primary complaint regarding Brazos' induced infringement contentions is that they supposedly do not adequately allege specific intent, primarily relying on Court's decision in *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at \*2 (W.D. Tex. July 26, 2019) and *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. 11-CV-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012).[4] But neither of these cases is clearly analogous. In *Parity*, this Court explained the elements for an induced infringement claim and addressed pre-suit knowledge, not the "specific intent" OnePlus points to here. 2019 WL 3940952, at \*2. Importantly, the language from *Parity* that OnePlus quotes does not reflect the fact that intent can, and regularly is, inferred from alleged facts.

"The intent necessary for a claim of '[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement.'" *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529, at \*5 (E.D. Tex. Nov. 30, 2021). As one court explained, "active steps" may include "advertising an infringing use, instructing how to engage in an infringing use, and assisting in performing an infringing use." *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019). The court in *Motiva* rejected the movant's argument regarding the evidence that the patentee should have provided in pleading induced infringement: "Motiva need not identify what the manuals specifically say, how the communications specifically instructed customers, which customers were specifically instructed, or which advertisements HTC

---

[4] For example, Brazos specifically identifies several third-party infringers, including OnePlus USA, OnePlus's United States subsidiary, facts omitted from the contentions in *Creagri*. (Ex. A at 6-7.)

published.  To require such granular information would 'effectively require[ ] [Motiva] to prove, pre-discovery, the facts necessary to win at trial.'"  *Id.*  at 832.  This is exactly what infringement contentions are ***not*** supposed to require.  *See Blue Spike*, 2015 WL 11199194, at *2 (plaintiffs do not need to provide "the level of detail required, for example, on a motion for summary judgment on the issue of infringement").  Regardless, here, the fact that the functionality of the accused devices ***requires*** infringement, as noted in Brazos' contentions, supports an inference of specific intent on the part of OnePlus.  (*See supra* at 7.)

And importantly, despite noting in its motion that prejudice is a key factor for determining whether to strike contentions, OnePlus conspicuously omits how Brazos' induced infringement contentions fail to notify it of the contours of the claim.  OnePlus has been informed of multiple categories of documents and topics for witness testimony that Brazos expects to use to prove its case at the summary judgment stage or at trial, including the very same "active steps" described in case law and specific third party partners and resellers.  Moreover, OnePlus has not provided witnesses for Brazos to test OnePlus on these issues.

### 2.    Brazos' Infringement Contentions Provide Fair Notice of Contributory Infringement Claim.

Brazos' contributory infringement contentions are also sufficient.  As the Federal Circuit has explained:

> Contributory infringement occurs if a party sells, or offers to sell, "a component of a patented ... combination, ... or a material ... for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1356 (Fed. Cir. 2018) (quoting 35 U.S.C. § 271(c)).

Leaving aside OnePlus's incorrect argument regarding pre-suit knowledge, Brazos has shown that

the Accused Devices have been specifically designed to implement the technology in the asserted claims and that as a consequence of that specific design, they have no other substantial noninfringing uses.  As explained in Brazos' contentions, "On information and belief, OnePlus **requires** that in order to communicate, the Accused Devices **must comply** with certain standards and/or are demonstrated through the Source code in the infringement charts.  (Ex. B at 3.)  Brazos further explains, "On information and belief, the Infringing devices comply with [at least parts of] said concerned standard(s)."  (Ex. B at 4.)  As all OnePlus-branded handsets comply with at least portions of the ETSI standards related to LTE/LTE-A technology and/or the Source Code that was described in detail in the infringement contentions, the asserted patents covering these features are necessarily being infringed by such devices.  (*Id.*)  In other words, because the accused devices, if they comply with at least portions of the standards along with the code that has been provided, infringe the asserted patents, and the accused products were expressly designed for such infringement as shown through the source code, OnePlus has contributorily infringed the asserted patents.

These contentions provide the necessary specificity at the contention stage, including explaining Brazos' theory regarding the factors OnePlus claims have been omitted.  Mot. at 13-14.  Thus, there is no possible argument that Brazos has not made OnePlus aware of its contributory infringement theory.  Brazos' theory is obvious – compliance with the identified standards and/or the code from the chipsets in the accused products results in infringement, because the standards/chipsets were **designed** to enable infringement.  And to the extent OnePlus disagrees that OnePlus's theory, that is a matter for expert discovery, not for a discovery dispute over infringement contentions that are only intended to provide notice, not evidence, of infringement theories.

3.     **Brazos' Infringement Contentions Provide Fair Notice of Its Doctrine Of Equivalents Infringement Theories.**

Brazos' final infringement contentions more than sufficiently disclose its doctrine of equivalents theories for all relevant claims.  The motion suggests that Brazos's contentions remain boilerplate, but this is clearly not the case.  For example, with respect to claim 2 of the '614 patent (-953 case), Brazos contends:

> **The BSR is an indication comprising indication that the buffer size of the node for relaying is extended from that of the UE and also of the size that extension and meets this limitation literally or under the doctrine of equivalents (DOE). The BSR is such an indication literally or under the DOE because from the BSR it can be determined that the buffer size of the node for relaying is extended and the size of the extension. The BSR performs** perform substantially the same function as the claimed indication in substantially the same way – by being transmitted by the mobile station, and to achieve substantially the same result as the claim element.

(Ex. D at 12-13.)  This language is equivalent, if not more detailed, than language that has been held sufficient by other courts in the infringement contention context.  *See Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-CV-474, 2020 WL 4201862, at *2 (E.D. Tex. July 22, 2020) (contentions "plainly put Defendants on notice that Innovation intended to argue a doctrine-of-equivalents theory, which is all Plaintiff's infringement contentions are required to do");[5]

---

[5] The contentions in *Innovation Sciences* stated:

> Based on Innovation's current understanding of the claim language and publicly available information regarding each Amazon Accused Instrumentality, Innovation asserts that Amazon literally infringes the Asserted Claims. Any claim element not literally present in the Accused Instrumentality as set forth in the claim charts is found in those instrumentalities *under the doctrine of equivalents because any differences between such claim element and the Accused Instrumentality is insubstantial* and/or the Accused Instrumentality perform substantially the same function, in substantially the same way to achieve substantially the same result as the corresponding claim element(s). *More specifically, the devices perform*

*MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 2854773, at *1

(N.D. Cal. June 20, 2014).[6]  OnePlus's characterizations of other claim contentions are similarly

inapt.  For claim 17 of the '614 patent, for example, Brazos contended:

> **The indication is included literally or under the doctrine of
> equivalents, into an extension of the buffer status report. There
> is an insubstantial difference between including the indication
> within the BSR and in an extension of the BSR.**

(Ex. D at 27.)  OnePlus does not explain how this contention (or the other doctrine of equivalents

contentions) fails to provide it with adequate notice to develop its defenses or prejudices it in any

way.

---

> *substantially the same function, in substantially the same way, to
> yield substantially the same result. Amazon would thus be liable for
> direct infringement under the doctrine of equivalents.* In addition,
> Innovation reserves the right, pursuant to Local P.R. 3-6, to assert
> infringement solely under the doctrine of equivalents with respect to
> any particular claim element(s) if warranted by discovery received
> from Amazon, or a claim construction ruling from the Court, or
> both.

2020 WL 4201862, at *2.

[6] MediaTek's infringement contentions stated:

> To the extent that this limitation is found to not be present literally
> in the i.MX50, MediaTek contends that the differences are
> insubstantial and the products would infringe under the doctrine of
> equivalents because the AHBMAX performs substantially the
> same function of performing two address transactions between
> components in substantially the same way to obtain the same result
> as the inventions of the '753 patent."

The court held that this was "information sufficient for Freescale to understand MediaTek's
theories of infringement, and therefore satisfactory" under the local patent rules.  *MediaTek Inc. v.
Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 2854773, at *1 (N.D. Cal. June
20, 2014).

PUBLIC VERSION

And  OnePlus's citation to *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1322-23 (Fed. Cir. 2003) for the proposition that Brazos must provide evidence including "particularized testimony and linking argument" shows emphatically the real problem with OnePlus's arguments – this evidentiary standard was that required to **prove** infringement, and the decision itself cites material developed by expert reports and described during expert testimony.  *Id.*  That OnePlus considers this standard at all relevant at this stage of the case shows that OnePlus is yet again demanding exactly what courts have stated is inappropriate – evidence that would be submitted in support of a summary judgment motion after fact discovery and expert discovery are complete. *See, e.g.*, *Eolas Techs.*, 2016 WL 7666160, at *1; *Blue Spike*, 2015 WL 11199194, at *2.  The Court should reject OnePlus's attempt to disguise its motion to strike as a motion for summary judgment before expert reports are served and before OnePlus has made its representatives available for depositions.

**D.     Brazos Should Be Granted Leave To Amend Its Final Infringement Contentions.**

As explained above, Brazos infringement contentions are more than sufficient and were significantly updated in good faith.  Brazos recognizes that the Court stated in its January 18, 2022 order that Brazos would not be given leave to amend its infringement contentions "absent extraordinary circumstances."  (Dkt. 77 at *3.)  But unfortunately, to the extent the Court finds otherwise, such circumstances have arisen in this case, through no fault of Brazos.  As explained above, Brazos first noticed depositions of OnePlus's witnesses in October 2021.   While the deadline for Brazos to serve its final contentions was moved from December 22, 2021 (Dkt. No. 46 at 9) to March 31, 2022 (Dkt. No. 84 at 1), even with this extension, Brazos was unable to conduct any depositions of OnePlus witnesses in advance of serving its final infringement contentions.  And even as of July 13, OnePlus has taken the depositions off of the calendar once

13

again.  OnePlus has still not produced its witnesses for deposition, citing medical emergencies and the COVID-19 pandemic, including this week an explanation of a "severe COVID outbreak in Macao." (Exs. K, L, M.)  Thus, Brazos remains in exactly the same position it was last December – despite its attempts to move forward with fact discovery, significant fact discovery remains outstanding.

Despite this severe obstacle to Brazos' development of its case, OnePlus nevertheless points to various deadlines, *including the close of fact discovery on July 20, 2022*, as a reason that the Court should deny any further amendments of Brazos' infringement contentions, yet its July 13 email asks for a meet and confer "regarding a date to continue the depositions to, along with any associated changes to the schedule." OnePlus's argument is simply hypocritical.  It seeks a "death-penalty" discovery sanction on Brazos after Brazos's significant efforts to update its contentions while notifying Brazos that it will not be able to move forward with depositions of *any* of its fact witnesses prior to the close of fact discovery – depositions noticed over 8 months ago. Far from OnePlus being "unduly prejudice[d]" if Brazos is given leave to further amend its contentions because of the impending close of fact discovery, since after filing this brief, OnePlus has indicated that the schedule needs to be changed yet again. Mot. at 18, Brazos has been prejudiced throughout the discovery process by OnePlus's repeated delays.

## IV.    CONCLUSION

For the foregoing reasons, OnePlus's Motion to Strike Plaintiff's Final Infringement

Contentions should be denied in its entirety.

Dated:  July 15, 2022

By: */s/* Jonathan K. Waldrop

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)

PUBLIC VERSION

(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

***Attorneys for Plaintiff***
***WSOU Investments, LLC d/b/a***
***Brazos Licensing and Development***

PUBLIC VERSION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument and supporting materials was served or delivered electronically to all counsel of record on this 8th day of August, 2022, via the Court's CM/ECF System.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop