IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § | Civil Action No. 6:20-00952-ADA<br>Civil Action No. 6:20-00953-ADA<br>Civil Action No. 6:20-00956-ADA<br>Civil Action No. 6:20-00957-ADA<br>Civil Action No. 6:20-00958-ADA<br><br>JURY TRIAL DEMANDED<br><br>**PUBLIC VERSION** |
| *Plaintiff* | | |
| v. | | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD. | | |
| *Defendant*. | | |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION
TO STRIKE PLAINTIFFS' FINAL INFRINGEMENT CONTENTIONS**

I.     INTRODUCTION ........................................................................................................... 1
II.    ARGUMENT ................................................................................................................. 2
       A.    OnePlus's Renewed Motion to Strike is Timely and Appropriate ........................ 2
       B.    WSOU's Indirect Infringement Contentions Remain Deficient and
             Boilerplate ............................................................................................................. 4
             1.    Pre-Suit Knowledge is Required for Indirect Infringement........................ 4
             2.    Even if Pre-Suit Knowledge Was Not Required, WSOU's
                   Contentions Do Not Sufficiently Allege Induced Infringement. ................ 5
             3.    Even if Pre-Suit Knowledge Was Not Required, WSOU's
                   Contentions Do Not Sufficiently Allege Contributory
                   Infringement. ............................................................................................... 7
       C.    WSOU's DOE Contentions are Deficient.............................................................. 8
       D.    WSOU Should Not Be Granted Leave *Again* to Amend its Contentions .............. 9

I.  **INTRODUCTION**

WSOU's Opposition[1] asks this Court to excuse WSOU's failure to provide sufficient *Final* Infringement Contentions before the March 31, 2022 deadline.  WSOU wrongly asserts that the deficiencies are due to OnePlus's discovery delays.  To the contrary, the delays before the March 31 deadline were all of WSOU's own making.  WSOU unilaterally cancelled depositions of OnePlus's witnesses that had been scheduled to go forward in January 2022.  WSOU then made no effort to reschedule these depositions until *after* the March 31 Final Infringement Contentions deadline.[2]  Now, when confronted with a motion it cannot rebut on the merits, WSOU manufactures discovery disputes and argues that the depositions it cancelled in January and never sought to reschedule before the March 31 deadline are somehow to blame for WSOU's deficient Final Contentions. But even if these discovery complaints had merit (they do not), they are irrelevant to WSOU's preparation of its Final Contentions because they do not concern WSOU's efforts to take discovery prior to the March 31 contention deadline.

This Court already warned WSOU of the need to provide more than mere boilerplate indirect and Doctrine of Equivalents ("DOE") infringement contentions.  WSOU did not heed that warning by providing meaningful and specific contentions that supply real notice of what activities WSOU alleges give rise to WSOU's claim of indirect infringement or by explaining how the dramatic differences between the patent claims and accused products are somehow

---

[1] WSOU's Opposition was filed as Dkt. 108 in the -952 case, Dkt. 106 in the -953 case, Dkt. 107 in the -956 case, Dkt. 107 in the -957 case, Dkt. 106 in the -958 case.

[2] Long after the Final Contention deadline had passed, OnePlus was recently forced to postpone certain depositions of OnePlus's China-based witnesses due to events that were beyond OnePlus's control.  First, OnePlus was forced to delay depositions originally set for May 2022 (after the March 31 deadline) because one of its witnesses underwent emergency brain surgery. Next, OnePlus was forced to delay July 2022 depositions when Macao (where OnePlus's China based witnesses were planning to travel to appear for the depositions remotely) suffered a COVID outbreak and the Chinese government instituted new and severe COVID restrictions concerning travel to Macao one week before the depositions were set to begin.

1

insubstantial. Rather, WSOU's Final Contentions continue to make only a token effort, adding a couple more generalized boilerplate allegations to the contentions the Court previously rejected. Indeed, WSOU's Opposition does not even dispute that its DOE contentions for four of the five asserted patents are deficient. And for the fifth patent, WSOU only argues that its DOE contentions are sufficient for two of the nine asserted claims. Remarkably, even the DOE contentions for these two claims of a single patent are devoid of substance.

The Court should not reward WSOU's failure to take this Court's admonition seriously by granting WSOU another chance to amend its contentions. At this stage of the case, the appropriate remedy is to grant the motion to strike.

## II.  ARGUMENT

### A.  OnePlus's Renewed Motion to Strike is Timely and Appropriate

***WSOU's failure to obtain discovery is a problem of its own making.*** WSOU asserts that the lack of detail in its contentions is due to OnePlus's postponement of depositions scheduled for May and July. Opp. at 5-6. This makes no sense. Events that happened in May and July do not excuse WSOU's failure to provide adequate contentions that were due on March 31, 2022.

Moreover, WSOU's attempt to blame its deficient contentions on recent delays in the deposition schedule is baseless given the multiple opportunities to depose OnePlus's witnesses that WSOU passed up *before* the March 31 deadline for its Final Contentions. WSOU and OnePlus scheduled depositions in mid-to-late January for OnePlus's China-based witnesses and OnePlus's U.S.-based witness (Mr. Norris) employed by OnePlus USA. *See* Ex. 24 at 4-11, 15-16. OnePlus worked diligently to arrange travel for its China-based witnesses to Macao, a location where they could participate in remote depositions. *Id.* OnePlus further worked to resolve any discovery disputes, ensuring that WSOU had the documents it sought before the depositions. A week before OnePlus's depositions were scheduled to begin, WSOU unilaterally

cancelled all the January depositions of OnePlus's and OnePlus USA's witnesses. *Id.* at 1, 3-4.

Mr. Norris, who is based in Texas, was designated as a 30(b)(6) witness for OnePlus on a host of topics, including multiple topics related to marketing, advertising, and other activity in the United States. *See* Ex. 24 at 6-11 (January 5, 2022 email designating Mr. Norris for topics 7-11, 21, 32-36, 38-40, *see* particularly topics 8-9 and 32). WSOU unilaterally cancelled Mr. Norris's January Deposition. Ex. 24 at 4. WSOU then rescheduled the deposition for *after* the Final Infringement Contentions deadline. Ex. 25 at 12. After the Final Contentions were served, WSOU again cancelled Mr. Norris's deposition. Ex. 26. This second unilateral cancellation by WSOU occurred one day before the deposition was supposed to proceed and after counsel was already en route to the airport to travel to the site of the deposition. Ex. 26 at 1-2. WSOU has not sought to re-schedule Mr. Norris's deposition since WSOU cancelled it on May 19. OnePlus has never cancelled Mr. Norris's deposition; rather, WSOU's failure to pursue this basic discovery is emblematic of its general lack of diligence in preparing a foundation for its infringement contentions.

On January 31, the Court issued its ruling that WSOU must "provide its **final infringement contentions** … no later than March 31, 2022." Ex. 15 at 1 (emphasis in original). Despite this March 31, 2022 deadline, WSOU did not seek to re-schedule any of the January depositions it unilaterally cancelled *before* the Final Infringement Contentions deadline. WSOU made no effort to seek additional information from OnePlus before submitting its Final Contentions on March 31. OnePlus offered its witnesses for depositions in April. *See* Ex. 25 at 13-15; Ex. 27. After several OnePlus emails were sent without response, WSOU then deferred these depositions until May. *See* Ex. 25 at 14. If WSOU needed these depositions to provide Final Contentions on March 31, then WSOU should not have delayed them from January to

May.  Since WSOU cannot use its own failure to take depositions as an excuse for inadequate indirect and DOE contentions, this Court should strike these contentions without leave to amend.

***The Court's previous order already put WSOU on notice of the deficiencies in its Contentions and invited OnePlus's current Motion to Strike.*** [3]  WSOU asserts that "OnePlus's Motion is untimely."  Not so.  OnePlus's previous motion to strike WSOU's amended preliminary infringement contentions raised these same issues.  The Court "agree[d] with OnePlus's characterizations regarding the indirect infringement and doctrine of equivalents claims" and stated that "OnePlus may file another motion to strike after WSOU provides its [F]inal [I]nfringement [C]ontentions." Dkt. 77 (-952 Case) at 6.  WSOU's failure to meaningfully amend its contentions to remedy the previously-noted deficiencies precipitated this motion.

### B. WSOU's Indirect Infringement Contentions Remain Deficient and Boilerplate

#### 1. Pre-Suit Knowledge is Required for Indirect Infringement.

WSOU's assertion that "this Court held that pre-suit knowledge is not required for indirect infringement claims" is wrong.  Opp. at 6.  WSOU does nothing to distinguish this Court's previous decisions in *Castlemorton* and *Parus*, which dismissed indirect infringement allegations for a failure to "plead any facts that would support an allegation of pre-suit knowledge."  *See* Mot. at 6, 8 (quoting *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Dkt. 28 (Amended Compl.) ¶ 44 (W.D. Tex. Oct. 21, 2019) (Ex. 16)).  Indeed, even the *BillJCo v. Apple* case WSOU cites (Opp. at 6) refutes WSOU's assertion.

---

[3] WSOU asserts that OnePlus's Motion was "filed without a meet-and-confer and without ever putting Brazos on notice of any additional alleged deficiencies." Opp. at 1.  This is wrong.  WSOU's counsel refused to respond to OnePlus's three emails requesting WSOU's position.  *See* Mot. at 20; Lyons Decl. Ex. 23.  Additionally, these are the same deficiencies that OnePlus raised in previous briefing and that were found by this Court to be deficient.

4

This Court in *BillJCo* confirmed that "indirect infringement claims require a showing that the accused infringer knew of its infringement." *See BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *5 (W.D. Tex. Feb. 1, 2022) (finding that "BillJCo's pre-suit indirect infringement claims therefore fail" due to a lack of a showing of pre-suit knowledge).

Because there is no plausible basis to contend OnePlus had pre-suit knowledge of the asserted patents, WSOU's indirect infringement contentions must be struck.

### 2. Even if Pre-Suit Knowledge Was Not Required, WSOU's Contentions Do Not Sufficiently Allege Induced Infringement.

WSOU asserts its inducement contentions are sufficient because it "explains the actions taken by Qualcomm as a result of OnePlus's inducement." Opp. at 7.[4] But any actions taken by Qualcomm are insufficient to support an inducement theory because WSOU has never even asserted that Qualcomm commits acts of direct infringement in connection with the accused OnePlus products in the United States. WSOU's reliance on Qualcomm's actions that are not alleged to constitute direct infringement in the U.S. is not only insufficient, it is irrelevant as a matter of law. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016) (inducement "require[s] [plaintiff] to prove that: (1) a ***third party directly infringed*** the asserted claims of the [asserted] patents; (2) [Defendant] induced those infringing acts; and (3) [Defendant] knew the acts it induced constituted infringement") (emphasis added).

WSOU's allegation that "OnePlus is responsible for the decision to load the Qualcomm technology on the accused devices and other source code containing the infringing technology," Opp. at 7, is also irrelevant to inducement. WSOU's assertion here seems to be that OnePlus

---

[4] WSOU does not allege that Qualcomm code is relevant to the purported infringement of the '708 patent (-957 case), and therefore this rationale is even more irrelevant to that patent.

5

itself infringes by loading Qualcomm code onto OnePlus's phones and not that OnePlus induces infringement by another. With no third party-infringer, this is insufficient and legally irrelevant to a claim of inducement.

WSOU next argues that its generic allegation that "OnePlus has induced infringement … through its instructions, manuals, and websites" supposedly gives OnePlus all the information it "would need to be able to adequately develop its defense … ." Opp. at 7-8. WSOU is wrong; this Court previously "agree[d] with OnePlus's characterizations" that these generic references were insufficient to sustain an indirect infringement theory. *See* Dkt. 77 at 6.

And the *BillJCo v. Apple* case cited by WSOU shows that WSOU's indirect infringement contentions are deficient. In *BillJCo*, this Court found that the "BillJCo's [infringement] charts map limitations to, in most instances, instructions from Apple-authored documentation … [and] specifically reference disclosures Apple personnel made at Apple's 2013 developers' conference." *BillJCo v. Apple*, 2022 WL 299733, at *6-7. And that the *complaint* satisfied basic pleading standards for indirect infringement by "include[ing] hyperlinks to specific examples of the Defendants' literature that instruct on the use of the Accused Products as detailed by the Plaintiff's claim charts." *Id.* Here, however, WSOU identifies nothing even remotely analogous. While a full identification and analysis of each document that WSOU intends to rely on is not required for its contentions, the failure to cite ***a single document*** or provide more than generic statements of "product manuals, specifications and/or instructions" is inadequate boilerplate.[5]

WSOU also failed to distinguish OnePlus's cited cases. Discussing *Parity*, WSOU alleges that this Court "explained the elements for an induced infringement claim and addressed

---

[5] The other cases cited by WSOU are inapposite. *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019), only addresses the sufficiency of the pleadings, while *Blue Spike*, 2015 WL 11199194, does not address indirect infringement at all.

pre-suit knowledge, not the 'specific intent' OnePlus points to here." Opp. at 8. This is clearly incorrect. *See Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) ("[A] plaintiff must allege a specific intent to induce infringement … ."). And *Creagri* shows that even **preliminary** infringement contentions are insufficient where they "fail[] to identify what … instructions lead to what infringing behavior," or "disclose how exactly [Plaintiff] believes [Defendant] indirectly or contributorily infringed." *See Creagri, Inc. v. Pinnaclife Inc., LLC*, No. 11-CV-06635, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012). The *Creagri* court expressly found that "boilerplate language does not suffice." *Id.* WSOU also fails to mention the host of other cases cited in OnePlus's motion confirming that WSOU's contentions are deficient. Mot. at 11-13 (collecting cases).

WSOU argues that the Court should not strike its contentions because it "has not had the [chance] to put these documents before OnePlus witnesses." *Id.* at 8. Again, this alleged deficiency is of WSOU's own making through at least its unilateral cancelling of the January depositions, and by not re-scheduling any OnePlus deposition before the March 31 deadline.

### 3. Even if Pre-Suit Knowledge Was Not Required, WSOU's Contentions Do Not Sufficiently Allege Contributory Infringement.

WSOU does not dispute that its Final Contentions fail to allege that the accused products have "no substantial noninfringing uses"—a requirement for contributory infringement. *See* Mot. at 14. WSOU merely points to a generic statement in its infringement contentions alleging that the "Accused Devices must comply with certain standards." Opp. at 10. This is not sufficient at least because there is no explanation of how or why WSOU contends that compliance with a standard means the accused products have no substantial noninfringing use.

***'708 Patent (-957 case)***. WSOU's claim chart for the '708 patent (-957 case) does not identify the allegedly infringing standards to support its contributory infringement claims.

*See* Exs. 7-8. For this reason alone, these contentions fail.

**Remaining Four Asserted Patents.** WSOU's remaining contentions fail to provide any basis to assert that OnePlus had the necessary *mens rea* for contributory infringement. Specifically, WSOU argues that OnePlus causes infringement as "demonstrated through Source code in the infringement charts." Opp. at 10. But the source code that allegedly demonstrates infringement was developed by Qualcomm and OnePlus has never had access to it. Indeed, the source code produced by Qualcomm in this case is all under seal and cannot be disclosed to any OnePlus engineer or even to OnePlus's in-house counsel.

"It is only sale of a component of a patented combination '***knowing the same to be especially made or especially adapted for use in an infringement of such patent,***'" that can give rise to a contributory infringement claim. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 at 488 (1964). This requires "showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented ***and infringing.***" *Id.* But WSOU's Final Infringement Contentions rely on information from Qualcomm that was necessarily outside OnePlus's knowledge. *See* Ex. 1-10; Dkt. 79. WSOU's emphasis on the importance of these secret documents cannot support, and in-fact undermine, its assertion that OnePlus had the required knowledge to support a contributory infringement claim.

Finally, contributory infringement only applies to staple articles or commodities of commerce without a "substantial noninfringing use." 35 U.S.C. § 271(c). Neither WSOU's contentions nor its Opposition asserts that the accused devices do not have substantial non-infringing uses, that the accused portions of the standard recite required functionality, or that the accused devices will necessarily perform the functionality simply by being standards compliant.

    **C.**    **WSOU's DOE Contentions are Deficient**

WSOU does not attempt to defend the sufficiency of its DOE contentions for four of the

five asserted patents. Because WSOU does not dispute that its DOE contentions are deficient or nonexistent for the -952, -956, -957, and -958 cases, the Court should strike those contentions.

For the '614 patent (-953 case), WSOU disputes only the sufficiency of WSOU's DOE assertions with respect to claims 2 and 17. *See* Mot. at 16. Since WSOU alleges sufficient DOE contentions for these two claims only, this Court should, at a minimum, strike the DOE contentions in the -953 case with respect to claims 1, 4, 5, 6, 13, 14, and 16 of the '614 patent. WSOU's DOE contentions for claims 2 and 17 are deficient. For example, the only non-boilerplate assertion in WSOU's DOE allegation for claim 2 relates to "being transmitted by the mobile station." But this is a requirement of claim 1 that is irrelevant to the additional limitation recited in claim 2. *See also* Mot. at 15-16.

The remainder of WSOU's DOE contentions are boilerplate statements that are devoid of analysis and that courts routinely find to be insufficient—as shown by the cases cited in OnePlus's Motion, which WSOU's Opposition does not address. *See* Mot. at 15-17 (collecting cases); *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017) (courts "have been clear that [DOE] theories must be laid out in detail in a party's infringement contentions and that the type of boilerplate allegations contained in [Plaintiff's] infringement contentions are insufficient"). More importantly, this Court "agree[d] with OnePlus's characterizations regarding the asserted … doctrine of equivalents claims" that WSOU's boilerplate assertions were insufficient and invited "OnePlus [to] again file a motion to strike" if "WSOU's final infringement contentions are deficient." Dkt. 77 at 6. The two DOE allegations that WSOU defends are simply boilerplate and should be struck.

### D. WSOU Should Not Be Granted Leave *Again* to Amend its Contentions

WSOU asserts that its contentions are deficient "through no fault of Brazos" because "Brazos was unable to conduct any depositions of OnePlus witnesses in advance of serving its

9

final infringement contentions." Opp. at 13.[6]  As detailed above, this is incorrect.  WSOU cancelled these depositions in January and never attempted to reschedule them before the March 31 deadline.  WSOU never indicated before the March 31 deadline that they needed depositions to comply with the Court-ordered obligation to serve Final Contentions and never sought an extension of the deadline to accommodate the depositions that they now contend are essential.

Finally, WSOU wrongly claims it would be unfairly prejudiced if denied yet another chance to amend its Final Contentions.  This Court previously admonished WSOU regarding the deficiencies raised herein and gave WSOU a chance to amend its contentions to cure the inadequacies.  Given this chance, WSOU cannot claim any unfair prejudice now.  Rather, if the Court allows WSOU to amend its infringement contentions (again), WSOU will be rewarded for concealing its infringement theories throughout most of fact discovery.  This delay has already prejudiced—and continues to prejudice—OnePlus's ability to develop its defenses to whatever theories of indirect and DOE infringement that WSOU might advance in any future amended Final Contentions.  This prejudice is severe because OnePlus will not have sufficient time or a fair opportunity to take discovery addressing any newly revealed contentions during the limited fact discovery period remaining.  To deter further gamesmanship and to avoid unfair surprise and prejudice, WSOU's indirect and DOE infringement contentions should be struck.

---

[6] WSOU makes at least two false statements in support of this argument.  *First*, WSOU states that "***the close of fact discovery [is] on July 20, 2022***."  Opp. at 14 (emphasis in original).  The close of fact discovery was extended from July 20 to **August 26, 2022** to accommodate WSOU's failure to timely obtain Qualcomm source code.  *See* Dkt. 89 (-952 case) at 1.  *Second*, WSOU states that OnePlus "notif[ied] Brazos that it will not be able to move forward with depositions of ***any*** of its fact witnesses prior to the close of fact discovery … ."  *Id.*  In fact, WSOU twice cancelled Mr. Norris's deposition, over OnePlus's objections.  OnePlus's witnesses were also prepared to testify in January before WSOU unilaterally cancelled those depositions.

10

| | |
|---|---|
| Dated: August 1, 2022 | /s/ Michael J. Lyons |

Michael J. Lyons*
California Bar No. 202284
michael.lyons@morganlewis.com
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
Ahren.hsu-hoffman@morganlewis.com
Jacob J.O. Minne*
California Bar No. 294570
jacob.minne@morganlewis.com
Austin L. Zuck*
California Bar No. 318434
austin.zuck@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
T: 650.843.4000
F: 650.843.4001

Elizabeth M. Chiaviello
Texas Bar. No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001

*Admitted *pro hac vice*

***Attorneys for Defendant OnePlus Technology (Shenzhen) Co. Ltd.***

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 8, 2022, a true and correct copy of the foregoing document was served via electronic mail on counsel of record per Local Rule CV-5.

*/s/ Michael J. Lyons*
Michael J. Lyons
